UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| JESUS L. GOVEA | Civil Action No. 2:22-cv-01328-JDC-KK |
| Plaintiff | District Judge James D. Cain |
| v | Magistrate Judge Thomas P. LeBlanc |
| CB&I, LLC and MCDERMOTT INTERNATIONAL, LTD. | |
| Defendants | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION *IN LIMINE***

Defendant CB&I LLC ("CB&I or "Defendant") submits this Memorandum in Support of its Motion *in limine*, seeking to exclude evidence and/or argument that is incompetent, irrelevant, and/or prejudicial to the material issues in this case. If the matters referenced below are admitted at trial, incurable irreparable harm will occur. Accordingly, Defendant asks the Court to prohibit Plaintiff, any witnesses, and Plaintiff's attorney(s) from offering or discussing in the presence of the jury any of the following matters without first asking for and obtaining a ruling from the Court outside the presence of the jury on the admissibility of the evidence or the appropriateness of the argument. Defendant presents this omnibus Motion in this form, instead of filing separate motions *in limine*, because it creates burden on the Court and the parties.

**I.       LEGAL STANDARD**

A motion *in limine* provides the Court with the opportunity to decide evidentiary issues in advance of trial "to avoid delay and ensure an evenhanded and expeditious trial." *United States v. Kirk*, No. SA-11-CR-449(2)-DAE, 2013 WL 6198221, at *2 (W.D. Tex. Nov. 27, 2013) (internal citations omitted). (internal citations omitted). A properly filed motion *in limine* permits a trial judge to remove evidentiary submissions from being presented at trial that would otherwise

3

improperly influence or create prejudice, harm or confusion to a party if allowed to be presented to the jury. *Shotts v. GEICO Gen. Ins. Co.*, No. CIV-16-1266-SLP, 2018 WL 4832625, at *1 (W.D. Okla. July 12, 2018) (internal citations omitted). Motions in *limine* are "well-established devices that streamline trials and settle evidentiary disputes in advance, so that trials are not interrupted mid-course for the consideration of lengthy and complex evidentiary issues." *Braun v. Clean Harbors Envtl. Servs., Inc.*, No. 1:14-CV-524, 2016 WL 7551201, at *1 (E.D. Tex. May 6, 2016) (citing *United States v. Tokash*, 282 F.3d 962, 968 (7th Cir.), *cert. denied*, 535 U.S. 1119 (2002)). Motions in *limine* must be specific and address particular evidence that is either irrelevant, inadmissible or prejudicial. *See Huff v. Jackson,* No. CA C-11-149, 2013 WL 625045, at *2 (S.D. Tex. Jan. 2, 2013).

## II. LAW AND ARGUMENT

### A. Defendant's Finances and Ability to Pay Large Verdict.

Any comment, argument, testimony and/or documentary evidence about Defendant's size as a corporation, finances, revenues, or profits, including evidence that Defendant is capable of paying a large verdict and/or allegations of Plaintiff's financial adversity or Defendant's financial prosperity, must be excluded. "[C]onsideration of the ability of a defendant to pay the necessary damages injects into the damage determination a foreign, diverting, and distracting issue which may effectuate a prejudicial result." *Reed v. Gen. Motors Corp.*, 773 F.2d 660, 664 (5th Cir. 1985) (citation omitted). Moreover, courts widely hold that "the financial standing of the defendant is inadmissible as evidence in determining the amount of compensatory damages to be awarded." *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) (citations omitted). Even if such evidence is relevant, the relevance is substantially outweighed by the danger of unfair prejudice to Defendant. Fed. R. Evid. 401, 402, 403; *Garcia v. Sam Tanksley Trucking, Inc.*, 708 F.2d 519, 522 (10th Cir. 1983) ("Reference to the wealth or poverty of either party, or reflection on financial

4

disparity, is clearly improper argument."); *Cooper Tire & Rubber Co. v. Farese*, No. 3:02CV210-SA-JAD, 2008 WL 5382416, at *3 (N.D. Miss. Dec. 19, 2008) (agreeing references to revenue, finances, and size of company are irrelevant and prejudicial and should be excluded).

      **B.**      **Golden Rule Arguments.**

"Golden rule arguments"—references or comments in opening statement, closing argument, or at any other point of the trial that jury members should "stand in Plaintiff's shoes"—also must be excluded at trial. The Fifth Circuit forbids Plaintiff's counsel from "explicitly request[ing] a jury to place themselves in the plaintiff's position and do unto him as they would have him do unto them." *Whitehead v. Food Max of Mississippi, Inc.*, 163 F.3d 265, 278 (5th Cir. 1998) (quoting *Stokes v. Delcambre*, 710 F.2d 1120, 1128 (5th Cir. 1983)). Such arguments are improper because they "encourage the jury to 'decide the case on the basis of personal interest and bias rather than on the evidence.'" *Id.* (quoting *Loose v. Offshore Navigation, Inc.*, 670 F.2d 493, 496 (5th Cir. 1982) (citations omitted).

      **C.**      **Argument Asking the Jury to "Send a Message" or to "Act as the Conscience of the Community."**

References in opening statement, closing argument, or at any other point of the trial that jury members should "send a message" to Defendant's boardroom, act as the "conscience of the community," or consider similar and equally improper factors in determining whether to award compensatory damages, or in determining the size of such awards, must be excluded at trial. Such instructions are inherently prejudicial because they, on their face, urge the jury to render its verdict based on "passion and prejudice." *Whitehead*, 163 F.3d at 277. The jury must base its award of compensatory damages on the evidence presented in the case—not passion or prejudice—and there is no place at trial for this type of unfairly prejudicial argument. For this reason, the Court should enter an Order precluding Plaintiff from attempting to engage in such tactics. *See* Fed. R. Evid.

5

403; *Whitehead*, 163 F.3d at 276 ("[A]wards influenced by passion and prejudice are the antithesis of a fair trial."); *Blair v. Eagle-Picher Indus., Inc.*, 962 F.2d 1492, 1499 (10th Cir. 1992) (citation omitted) ("[A] verdict that is the product of passion and prejudice cannot be cured by remittitur and a new trial is required.").

      **D.**    **References, Arguments, Testimony, or Comments Referring to Plaintiff as a "Victim."**

Any reference, argument, testimony, or comment by Plaintiff's counsel referring to Plaintiff as a "victim" or other words to that effect must be excluded. This term incorrectly implies the existence of a "criminal" legal proceeding and serves only to mislead or inflame the jury and prejudice the jury against Defendant. Language to this effect improperly encourages the jury to violate its oath not to let bias, sympathy, or prejudice play any part in their deliberations. Accordingly, any such evidence should be excluded because its probative value, if any, is substantially outweighed by its danger of unfair prejudice. *See* Fed. R. Evid. 401, 402, 403.

      **E.**    **References to Motions or Rulings.**

Any mention of any action of the Court in ruling upon any matter, including this Motion *in limine*, prior to or during the trial of this case where the ruling is made outside the presence of the jury must also be excluded. Defendant also requests an instruction that no mention or reference be made about the pleadings, motions (including this Motion *in limine*), or other matters filed by Defendant herein or of referencing the particular nature of such matters filed by Defendant. Such evidence is irrelevant and the risk of undue prejudice it presents far outweighs any probative value, and therefore should be excluded. *See* Fed. R. Evid. 401, 402, 403.

      **F.**    **Commentary, Testimony, and/or Documentary Evidence Related to Plaintiff's Dismissed Claims.**

On August 26, 2024, Defendant filed its Motion for Summary Judgment, which is currently pending before this Court. R. Doc. 24. Should the Court agree with Defendant's Motion for

Summary Judgment and dismiss any of the claims herein, any comment, argument, testimony, and/or documentary evidence offered to prove dismissed claims and/or the alleged discriminatory nature of any employment action that forms the basis of dismissed claims is irrelevant and must be excluded. *See* Fed. R. Evid. 401, 402. Further, the risk of prejudice to Defendant far outweighs the scant probative value of any such evidence, wasting the Court's time, and confusing the issues. *See* Fed. R. Evid. 403.

### G. Commentary and/or Testimony Mischaracterizing Exhibits.

Any comment, argument, testimony, and/or documentary evidence regarding any exhibit offered by any party that mischaracterizes the content of the exhibits must be excluded. Such mischaracterization of exhibits not supported by the content of the exhibits, is irrelevant, and serves only to mislead the jury and prejudice Defendant. Such comments therefore should be excluded. *See* Fed. R. Evid. 102, 401, 402, 403.

### H. Commentary, Testimony, and/or Documentary Evidence Regarding Claims Not Pleaded in the Lawsuit.

Plaintiff alleges that he was subjected to a hostile work environment because of his race during his employment with Defendant and retaliated against for complaining about the alleged harassment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, as well as 42 U.S.C. § 1981 (R. Doc. 1). Plaintiff's Complaint must contain, amongst other things, "a short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(20 A plaintiff['s] . . . complaint must give the defendant 'fair notice of the basis for [his] claims.'" *Melvin v. Barr Roofing Co.*, 806 F. App'x 301, 308 (5th Cir. 2020) (quoting *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 511–12, 514, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002)). The Court should accordingly exclude from trial any comments, arguments, testimony, and/or documents

7

pertaining to any allegation of harassment or retaliation that was not pleaded in the Complaint as irrelevant and prejudicial to Defendants.[1] *See* Fed. R. Evid. 102, 401, 402, 403.

### I. Any Commentary, Testimony, and/or Documentary Evidence Relating to Anecdotal Employment-Related Problems of Non-Similarly Situated Employees or Former Employees of Defendants.

Any testimony, evidence, argument, or statement of counsel relating to anecdotal employment-related problems of non-similarly situated employees or former employees of Defendant or of alleged discrimination, harassment or other unlawful employment practices other than those allegedly experienced by Plaintiff. Any such evidence is not relevant to the circumstances leading up to Plaintiff's resignation, and would only tend to distract and/or confuse the trier of fact, and prejudice Defendant. *See, e.g., Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1220–21 (5th Cir. 1995) (finding that anecdotes about other employees cannot establish that discrimination was a company's standard operating procedure unless those employees are similarly situated to the plaintiff."); *Sims v. Mulcahy*, 902 F.2d 524, 531 (7th Cir. 1990) (holding that the introduction of alleged discriminatory acts with no relation to the discrimination claimed by the plaintiff creates a "trial within a trial" with "slight probative value"); *Coleman v. Exxon Chem. Corp.*, 162 F. Supp. 2d 593, 618, 619-20 (S.D. Tex. 2001) (comparing discrimination between "minority" groups as improper because "historical experiences concerning discrimination have differed by race and gender"). *See also* Fed. R. Evid. 401, 403.

---

[1] "As the Court held in *Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929, the pleading standard . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. Id., at 555, 127 S.Ct. 1955 (*citing Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932,4 92 L.Ed.2d 209 (1986))… Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." Id., at 557, 127 S.Ct. 1955." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

### J. Commentary, Testimony, and/or Documentary Evidence Regarding Other Claims, Judgments, Actions, or Charges against Defendant.

Any comment, argument, testimony, and/or documentary evidence relating to Defendant's role as a party in any other action, showing that Defendant settled any claim or lawsuit or had an adverse finding entered against it in any claim or lawsuit, and/or that any person other than Plaintiff filed any charge or complaint of discrimination against Defendant should be excluded as irrelevant. Fed. R. Evid. 401, 402, 404(b), 601, 602. Additionally, the risk of prejudice to Defendant greatly outweighs the probative value of this evidence. Fed. R. Evid. 403. The Court therefore should prevent introduction of such evidence at trial. *See Wyvill v. United Companies Life Ins. Co*., 212 F.3d 296, 302 (5th Cir. 2000); *Plemer v. Parsons-Gilbane*, 713 F.2d 1127 (5th Cir. 1983).

### K. Generalized, Conclusory, and/or Speculative Statements Regarding the Filing of EEOC Charges or Alleged Discrimination.

Any comment, argument, testimony and/or documentary evidence that constitutes generalized, conclusory, and/or speculative statements about the effect of filing an EEOC charge, or regarding perceived discrimination or harassment, or testimony about events of which the witnesses have no personal knowledge, should be excluded because it is irrelevant, without proper foundation, and the risk of undue prejudice to Defendant greatly outweighs its scant probative value, confusing the issues, and misleading the jury. Fed. R. Evid. 401, 402, 403, 602.

### L. The EEOC's January 21, 2022 Determination Letter.

The EEOC's January 21, 2022 Determination Letter contains definitive statements and legal conclusions regarding Defendant's alleged conduct. The EEOC's factual statements are demonstrably false. For example, the EEOC found that "Charging Party was subjected to daily race, national origin, and/or color-based comments by a coworker over a four-month period and, despite supervisors' awareness of the conduct, adequate and timely corrective action was not taken to address the conduct." *See* Exhibit A, EEOC Determination Letter. The EEOC also found that

9

"the harassment caused the Charging Party's constructive discharge." *Id*. Plaintiff did not experience intolerable working conditions and voluntarily resigned his employment. (R. Doc. 24). Further, Plaintiff does *not* allege in his Complaint that the harassment caused his constructive discharge. (R. Doc. 1). The EEOC was also wrong when it stated "[b]ased on the evidence in its totality, evidence developed in the investigation supports the Charging Party's allegations that he was discriminated against in violation of Title VII." *See* Exhibit A.[2]

Relying on Rule 403 of the Federal Rules of Evidence, Courts have repeatedly excluded from evidence similar EEOC determination letters because they are more prejudicial than probative. *Eason v. Fleming Companies, Inc*., No. 92-1390, 1993 WL 13015208, at *3 (5th Cir. Aug. 24, 1993) (citing *Cortes v. Maxus Exploration Co*., 977 F.2d 195 (5th Cir. 1992). For example, in *Nuccio v. Shell Pipeline Company, LP,* the Court found that the EEOC's determination letter was inadmissible because it made "clear legal conclusions" and "definitive statements" that "show a substantial risk of prejudice to Defendant" if admitted. 506 F. Supp. 3d 382, 390 (E.D. La. 2020); *see also Rybar v. Corp. Mgmt., Inc.,* 2015 WL 4366258, at *2-3 (S.D. Miss. Jul. 16, 2015) (finding that the EEOC letter was "more akin to an EEOC violation letter…than one which limits its findings to reasonable cause" that should be excluded under Rule 403).

This Court should exclude the EEOC's January 21, 2022 Determination Letter. Plaintiff's burden is to prove his claims with competent evidence. He must prove the facts that are in dispute with the evidence in the record. Defendant disputes Plaintiff's claims. Plaintiff's introduction of the letter would allow Plaintiff to ask the jury to impermissibly substitute the EEOC's judgment for its own. Such an introduction would result in incalculable prejudice to Defendant especially considering the lack of any probative value for the introduction of the letter.

---

[2] Defendant disputes the EEOC's conclusions and the Court should dismiss this case in its entirety for the reasons provided in Defendant's pending motion for summary judgment. (R. Doc. 24).

Introduction of the letter would also require Defendant to waste trial time challenging the basis of and opinions stated in the letter, putting the EEOC process on trial. "This will result in a significant trial within a trial that will include a comparison of the evidence considered by the EEOC and the evidence submitted at trial, an attack on the conclusions reached, and presentation of the different standards that might be applicable." *McNeal v. Kansas City Ry.*, No. 05 CV 791, 2007 WL 1237934, at *2 (W.D. La. Apr. 27, 2007) (finding the EEOC determination letter to be inadmissible).

Courts routinely exclude EEOC Determination Letters to avoid the EEOC mini-trial. *See Robinson v. Lafayette Steel Erector, Inc.*, No. CV 05-0363, 2008 WL 11351303, at *2 (E.D. La. Oct. 23, 2008). "[T]he 'trial' of the EEOC determination letter would be an undue waste of time, and it would present a significant opportunity for juror confusion." *Id.; see also E.E.O.C. v. Smokin' Joe's Tobacco Shop, Inc.*, No. 06-01758, 2007 WL 2461745, at *7 (E.D. Pa. Aug. 22, 2007) ("I will exclude [the determination letter] under Rule 403 as unduly prejudicial and cumulative. If the determination letter comes into evidence, it will be a sideshow that distracts the jury and lengthens the trial . . . . The defendant will have to spend a substantial amount of time discrediting the investigation, which will needlessly extend the trial").

Since there is no probative value to the letter and the risk of prejudice is extreme, this Court must exclude the EEOC Determination Letter from the trial of this matter.

### M. EEOC Notice of Conciliation Failure.

The Court should also exclude EEOC's Notice of Conciliation Failure because it is not relevant. *See* Exhibit B, EEOC Notice of Conciliation. Federal Rule of Evidence 401 provides that evidence is relevant only if (1) it tends to make a fact more or less probable than it would be without the evidence and (2) "the fact is of consequence in determining the action." The Notice of

Conciliation Failure does not tend to make any fact at issue more or less probable, much less consequential.

Even if the Notice of Conciliation Failure were relevant, which it is not, it should still be excluded because of prejudice, confusion, and as a settlement communication. For example, the Notice presents the same risk of prejudice and confusion as the Determination Letter upon which it is based. This notice should also be excluded under Fed. R. Evid. 408, which extends to "legal conclusions, factual statements, internal memorandum and the work of non-lawyers and lawyers alike so long as the communications were "intended to be part of ... negotiations toward compromise." *Lyondell Chem. Co. v. Occidental Chem. Corp*., 608 F.3d 284, 295 (5th Cir. 2010). Litigation does not have to have been filed for Rule 408 to apply. *Id.*

**N.      Evidence Regarding Plaintiff's Subjective Beliefs of Discrimination, Harassment or Retaliation.**

Any comment, testimony, and/or evidence that Plaintiff believed Defendant discriminated against him because of his race is speculative, conclusory, and should be excluded. Plaintiff's subjective beliefs are not competent evidence of discrimination and the risk of prejudice to Defendant far outweighs the probative value, if any. Therefore, any such evidence should be excluded. Fed. R. Evid. 401, 402, 403, 602.

**O.      Stray Remarks.**

Stray remarks representing alleged acts of discrimination which were not directed to Plaintiff or in conversations to which Plaintiff was not a party should be excluded. Any such evidence is not relevant to Plaintiff's specific claims, prejudicial, and would constitute hearsay, for which there is no exception. Fed. R. Evid. 402, 403, 802, and 803.

### P.     Proof of Causation of Mental and/or Emotional Distress.

Any comment, argument, testimony, and/or documentary evidence that Plaintiff or any other non-expert, lay witness attempts to offer regarding any proof of causation of mental and/or emotional distress should be excluded. Neither Plaintiff nor any other lay witness is competent to testify regarding causation. *See Logan v. Westfield Ins. Co.*, No. CV 17-29, 2020 WL 412257, at *10 (W.D. La. Jan. 24, 2020) (citation omitted) ("[T]estimony by a lay witness regarding the cause of any medical condition will not be permitted as medical causation testimony is within the purview of a medical expert."); *Rea v. Wisconsin Coach Lines, Inc.*, No. CIV.A. 12-1252, 2014 WL 4981803, at *2 (E.D. La. Oct. 3, 2014) ("[T]estimony as to causation or as to future medical treatment has been considered the province of expert testimony[.]"); *Robert v. Maurice*, No. CV 18-11632, 2020 WL 4035523, at *7 (E.D. La. July 17, 2020) (quoting *Barocco v. Ennis Inc.*, 100 F. App'x 965, 968 (5th Cir. 2004)) ("Testimony regarding the cause of any medical condition is within the purview of a medical expert. However, a lay witness may present '[l]ay testimony ... to complement and corroborate medical evidence.'"). Accordingly, any such evidence from any lay witness, including Plaintiff, as to causation of mental and/or emotional distress should be excluded. *See* Fed. R. Evid. 401, 402, 403, 602.

### Q.     Absence or Unavailability of Any Witness.

Any testimony, statements, or reports of any witness who is absent, unavailable, or not called to testify in this case, including any reference to any hearsay statements, not within an exception, made by a person not presented to testify in court must be excluded. Fed. R. Evid. 401, 402, 403, 801, 802, and 804.

### R. Evidence of Front Pay and/or Back Pay Damages Should be Excluded from the Jury.

Any evidence of any alleged back pay and/or front pay damages of Plaintiff should be excluded from presentation to the jury. The Court, not a jury, must decide the availability of equitable relief, such as reinstatement and front pay. *U.S. E.E.O.C. v. E.I. Du Pont de Nemours & Co.*, 406 F. Supp. 2d 645, 661 (E.D. La. 2005), *reversed in part on other grounds*, 480 F.3d 724 (5th Cir. 2007) (citing *Walther v. Lone Star Gas Co.*, 952 F.2d 119, 127 (5th Cir. 1992) ("Since front pay is an equitable remedy, the district court rather than the jury should determine whether an award of front pay is appropriate, and if so, the amount of the award.")); *see also Mitchell v. Sisters of Charity of Incarnate Word*, 924 F. Supp. 793, 804 (S.D. Tex. 1996) (citing *Reneau v. Wayne Griffin & Sons, Inc.*, 945 F.2d 869 (5th Cir. 1991)) ("Because front pay is essentially an equitable award, the Court must determine whether front pay is required and, if so, for what period of time such pay should be granted."). Moreover, "'back pay is not an automatic remedy, but is equitable in nature and may be invoked in the sound discretion of the district court.'" *Miles-Hickman v. David Powers Homes, Inc.*, 613 F. Supp. 2d 872, 885–86 (S.D. Tex. 2009) (quoting *Sellers v. Delgado College*, 902 F.2d 1189, 1193 (5th Cir. 1990)). "Because back pay is an equitable remedy, the district court need not empanel an advisory jury but can decide the back pay issue itself absent the parties' agreement to the correct amount." *Black v. Pan Am. Lab'ys, L.L.C.*, 646 F.3d 254, 263 (5th Cir. 2011) (quoting *West v. Nabors Drilling USA, Inc.*, 330 F.3d 379, 394–95 (5th Cir. 2003)).

Since these issues are for the Court (not a jury) to decide, this evidence should be excluded from presentation to the jury. Fed. R. Evid. 401, 402. Additionally, to present the jury with evidence of Plaintiff's alleged front pay and/or back pay damages when the jury has no authority to award such damages presents a significant risk of prejudice to Defendant and confuses the

14

issues. Presentation of this evidence to the jury potentially misleads the jury to consider or be unfairly influenced by evidence of front pay when calculating its other damages awards. *See Koppman v. S. Cent. Bell Tel. Co.*, No. 90-4503, 1992 WL 280793, at *5 (E.D. La. July 12, 1992) (granting defendant's motion *in limine* and explaining that "presenting front pay evidence to the jury could only serve to confuse the jury in its attempt to determine the plaintiffs' other damages"); *see also Walther*, 952 F.2d at 127; *Caparotta v. Entergy Corp.*, No. CIV. A. 94-3051, 1996 WL 411605, at *1 (E.D. La. July 19, 1996) (granting motion *in limine* to preclude jury from hearing evidence of front pay damages pursuant to Rule 403). Thus, evidence regarding front pay and back pay damages should be limited from presentation to the jury pursuant to Fed. R. Evid. 403.

### S. Law Firm.

Reference to the type or character of the legal practice of Ogletree, Deakins, Nash, Smoak & Stewart, P.C. ("Ogletree") or the size or location of Ogletree must be excluded. Any remarks or reference to the fact that Ogletree typically represents corporations, corporate interests, or the like, other than indicating that Ogletree represents Defendant in this case. Such statements would be prejudicial, irrelevant, and would make it impossible for Defendant to receive a fair trial. Fed. R. Evid. 402, 403.

*[Signature on next page]*

15

Respectfully submitted,

*/s/ Sara Grace Sirera*
Christopher E. Moore, LSBA# 26430
Hal D. Ungar, LSBA# 31344
Sara Grace Sirera, LSBA#38405
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
701 Poydras Street, Suite 3500
New Orleans, LA  70139
Telephone:  (504) 648-3840
Facsimile:  (504) 648-3859
Electronic Mail:
christopher.moore@ogletreedeakins.com
hal.ungar@ogletreedeakins.com
sara.sirera@ogletreedeakins.com

*Attorneys for Defendant CB&I LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of September 2024, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all counsel of record by operation of the Court's CM/ECF system.

*/s/ Sara Grace Sirera*
Sara Grace Sirera