**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION**

| | | |
|---|---|---|
| **JESUS L. GOVEA, JR.** | § | **CIVIL ACTION NO. 2:22-cv-01328** |
| | § | |
| **VS.** | § | **JUDGE JAMES D. CAIN, JR.** |
| | § | |
| **CB&I, LLC and MCDERMOTT** | § | **MAGISTRATE JUDGE** |
| **INTERNATIONAL** | § | **THOMAS P. LEBLANC** |
| | § | |
| | § | **JURY TRIAL DEMANDED** |

_____

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION IN
LIMINE**

_____

**Respectfully Submitted**,

**SUDDUTH & ASSOCIATES, LLC**
1109 Pithon St.
Lake Charles, Louisiana 70601
Tel: (337) 480-0101
Fax: (337) 419-0507
Email: james@saa.legal
Email: kourtney@saa.legal

**BY:** _/s/ James E. Sudduth, III_____
JAMES E. SUDDUTH, III, #35340
KOURTNEY L. KECH, #37745
*Counsel for Plaintiff*

# TABLE OF CONTENTS

INTRODUCTION ................................................................................................................1

STANDARD OF REVIEW .................................................................................................1

LAW AND ARGUMENT ...................................................................................................2

    A.  Evidence of Defendant's Wealth and Ability to Pay ......................................2

    B.  Golden Rule Arguments .................................................................................3

    C.  "Send a Message" or to "Act as the Conscience of the Community" ............3

    D.  References to Plaintiff as a "Victim"..............................................................6

    E.  Reference to Motions/Rulings ........................................................................7

    F.  References to Dismissed Claims......................................................................7

    G.  Commentary and/or Testimony Mischaracterizing Exhibits .........................8

    H.  References to "Claims" Not Plead in the Lawsuit ..........................................9

    I.  References to Anecdotal Employment-Related Problems of Non-Similarly Situated Employees or Former Employees of Defendants ..........................11

    J.  Other Claims, Judgments, Actions or Charges Against Defendants ...........14

    K.  References to the Filing of an EEOC Charge, Alleged Discrimination or Harassment...................................................................................................16

    L.  The EEOC Determination Letter ..................................................................17

    M.  The EEOC Notice of Conciliation Failure...................................................17

    N.  Subjective Beliefs of Discrimination of Harassment....................................18

    O.  Stray Remarks ...............................................................................................19

    P.  Proof of Causation of Mental/Emotional Distress .......................................21

    Q.  Absence or Unavailability of Any Witness ..................................................23

    R.  Front And/or Back Pay Damages .................................................................23

S.  Law Firm..........................................................................................................................24

CONCLUSION..........................................................................................................................24

## TABLE OF AUTHORITIES

**CASE LAW**

*Acker v. Deboer, Inc.,*
429 F. Supp. 2d 828 (N.D. Tex. 2006) ......................................................20

*Aikens v. Cent. Or. Truck Co.,*
2021 U.S. Dist. LEXIS 180427 (E.D. Tex. Sept. 22, 2021) ......................3, 4

*Aman v. Cort Furniture Rental Corp.,*
85 F.3d 1074 (3d Cir. 1996)......................................................................13

*Ashcroft v. Iqbal,*
556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).......................9, 10

*Barocco v. Ennis Inc.,*
100 F. App'x 965 (5th Cir. 2004) ...........................................................21, 22

*Baxter v. Anderson,*
277 F.Supp.3d 860 (M.D. La. 2017)....................................................2, 3, 4, 5

*Burks v. Oklahoma Pub. Co.,*
81 F.3d 975 (10th Cir. 1996) ....................................................................13

*Burrage v. Harrell,*
537 F.2d 837 (5th Cir. 1976) ......................................................................3

*Bye v. MGM Resorts Int'l, Inc.,* 49 F.4th 918, 923 (5th Cir. 2022),
*cert. dismissed,* ––– U.S. ––––, 143 S. Ct. 1102, 215 L.Ed.2d 669 (2023) ...................................8

*City of Newport v. Fact Concerts, Inc.,*
453 U.S. 247, 101 S. Ct. 2748, 69 L. Ed. 2d 616 (1981)............................3

*Danville v. Regional Lab Corp.,*
292 F. 3d 1246 (10th Cir. 2002) ...............................................................20

*Decorte v. Jordan,*
497 F. 3d 433 (5th Cir. 2007) ....................................................................22

*Duckworth v. Ford,*
83 F.3d 999 (8th Cir. 1996) ......................................................................12

*Equal Emp. Opportunity Comm'n v. First Metro. Fin. Serv., Inc.,*
515 F. Supp. 3d 573 (N.D. Miss. 2021)......................................................2

*Estes v. Dick Smith Ford, Inc.*,
856 F.2d 1097 (8th Cir. 1988) ......................................................................12

*Eubanks v. St. Tammany Parish Hosp.*,
2004 U.S. Dist. LEXIS 11524 (E.D. La. Jun. 22, 2004)................................21

*Fort Bend Cty. v. Davis*,
139 S. Ct. 1843, 1851, 204 L. Ed. 2d 116 (2019) ........................................17

*Forsyth v. City of Dallas*,
91 F.3d 769 (5th Cir. 1996) ..........................................................................22

*Geiserman v. MacDonald*,
893 F. 2d 787 (5th Cir. 1990) ..........................................................................7

*Graef v. Chem. Leaman Corp.*,
106 F. 3d 112 (5th Cir. 1997) ...........................................................................3

*Guar. Serv. Corp. v. Am. Employers' Ins. Co.*,
893 F.2d 725 (5th Cir. 1990) ............................................................................4

*Hamilton v. Kansas City S. Ry. Co.*,
97-1650 (La. App. 3 Cir. 4/1/98), 710 So. 2d 358, 360................................4

*Hansard v. Pepsi-Cola Metropolitan Bottling Co.*,
865 F.2d 1461 (5th Cir. 1989) .......................................................................18

*Harkness v. Bauhaus U.S.A., Inc.*,
2015 U.S. Dist. LEXIS 17926 (N.D. Miss. Feb. 13, 2015) ....................15, 16

*Haun v. Ideal Industries Inc.*,
81 F.3d 541 (5th Cir. 1996) ...........................................................................19

*Hawkins v. Hennepin Technical Center*,
900 F.2d 153, 154 (8th Cir.), *cert. denied,*
498 U.S. 854, 111 S. Ct. 150, 112 L. Ed. 2d 116 (1990).........................11, 12

*Hymel v. U.N.C. Inc.*,
68 F.3d 467(5th Cir. 1995) (unpublished) .......................................................3

*In re Marquette Transp. Co. Gulf-Inland, LLC,*
2022 U.S. Dist. LEXIS 16025 (W.D. La. Jan. 27, 2022)................................7

*Ishee v. Fannie Mae,*
2014 U.S. Dist. LEXIS 165910 (S.D. Miss. Nov. 26, 2014)........................21

*Jackson v. Cal-Western Packaging Corp.*,
602 F. 3d 374 (5th Cir. 2010) ........................................................................20

*Jordan v. Wayne Cty.*,
2017 U.S. Dist. LEXIS 108405 (S.D. Miss. Jul. 13, 2017) ........................21

*Kelly v. Boeing Petroleum Servs.*,
61 F. 3d 350 (5th Cir. 1995) ...................................................................11, 14

*Laborde v. Northwestern Mut. Life Ins. Co.*,
2017 U.S. Dist. LEXIS 145880 (W.D. La. Sept. 8, 2017).........................10

*Learmonth v. Sears, Roebuck & Co.*,
631 F.3d 724 (5th Cir. 2011) ..........................................................................3

*Lewis v. Home Depot U.S.A., Inc.*,
2007 U.S. Dist. LEXIS 26691 (W.D. Tex. Apr. 10, 2007)..........................16

*Madison v. Courtney*,
2019 U.S. Dist. LEXIS 183485 (N.D. Tex. Jan. 27, 2019) ....................3, 19

*McDonnell Douglas Corp. v. Green*,
411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973)................................14

*Mendias-Mendoza v. Sessions*,
877 F. 3d 223 (5th Cir. 2017) ..........................................................................7

*Mhire v. Remedial Constr. Servs. LP*,
2021 U.S. Dist. LEXIS 169546 (W.D. La. Sept. 7, 2021).........................3, 4

*Migis v. Pearle Vision, Inc.*,
135 F. 3d 1041 (5th Cir. 1998) ......................................................................22

*Morris v. Young*,
2016 U.S. Dist. LEXIS 76567 (N.D. Miss. Jun. 13, 2016)......................6, 15

*Nuccio v. Shell Pipeline Co., LP*,
506 F. Supp. 3d 382 (E.D. La. Dec. 11, 2020) .............................................18

*Oden v. Okitbbeha County, Miss.*,
246 F. 3d 458 (5th Cir. 2001) ........................................................................22

*Pacheo v. Mineta*,
448 F. 3d 783 (5th Cir. 2006) ........................................................................17

*Palasota v. Haggar Clothing Co.*,
342 F.3d 569 (5th Cir. 2003) .........................................................................13

*Parker v. Tyson Foods, Inc.*,
499 F. Supp. 3d 297 (S.D. Miss. Nov. 9, 2020).....................................14, 19

*Phillip v. ANR Freight Sys., Inc.*,
945 F.2d 1054 (8th Cir. 1991) ...................................................................11, 12

*Polanco v. City of Austin*,
78 F.3d 968 (5th Cir. 1996) ...........................................................................13

*Pollard v. E.I. DuPont de Nemours Co.*,
532 U.S. 843, 121 S. Cr. 1946, 1951, 150 L. Ed. 2d 62 (2001).........................6

*Reed v. Neopost USA, Inc.*,
701 F. 3d 434 (5th Cir. 2012) .........................................................................20

*Reese v. Mercury Marine Div. of Brunswick Corp.*,
793 F. 2d 1416 (5th Cir. 1986) .....................................................................4, 5

*Riley v. Ford Motor Co.*,
2011 U.S. Dist. LEXIS 84381 (S.D. Miss. Jul. 29, 2011) ......................6, 24

*Rivera v. Robinson*,
464 F. Supp. 2d 847 (E.D. La. Jun. 1, 2020) ..................................................2

*Robert v. Maruice*,
2020 U.S. Dist. LEXIS 125859 (E.D. La. Jul. 16, 2020)......................21, 22

*Rolfe v. Ace Am. Ins. Co.*,
2022 U.S. Dist. LEXIS 56810 (W.D. La. Mar. 28, 2022) ........................1, 2

*Sanchez v. Standard Brands, Inc.*,
431 F. 2d 455 (5th Cir. 1970) .........................................................................17

*Skennion v. Godinez*,
159 Fed. Appx. 598 (5th Cir. 2005)..................................................................7

*Smith v. Wade*,
461 U.S. 30, 103 S. Ct. 1625, 75 L. Ed. 2d 632 (1983).....................................5

*Snyder v. Bazargani*,
241 F. App'x 20 (3d Cir. 2007).........................................................................5

*Sprint/United Mgmt. Co. v. Mendelsohn*,
552 U.S. 379, 128 S. Ct. 1140, 170 L. Ed. 2d 1 (2008) ........................................................14

*Spulak v. K Mart Corp.*,
894 F.2d 1150 (10th Cir. 1990) ........................................................................................13

*State Farm Mutual Insurance Company v. Campbell*,
538 U.S. 408, 123 S. Ct. 1513, 155 L. Ed. 2d 585 (2003) ...............................................5

*Stokes v. Delcambre*,
710 F.2d 1120 (5th Cir. 1983) ..........................................................................................3

*Swierkiewicz v. Sorema N.A.*,
534 U.S. 506, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002) ....................................................10

*Thompson v. City of Meridian*,
2012 U.S. Dist. LEXIS 204796 (S.D. Miss. Mar. 29, 2012) ..........................................13

*Tratree v. BP North America Pipelines, Inc.*,
390 Fed. Appx. 386 (5th Cir. 2010) .................................................................................13

*United States v. Heard*,
709 F. 3d 413 (5th Cir. 2013) ...........................................................................................21

*United States v. Solivan*,
937 F.2d 1146 (6th Cir. 1991) ...........................................................................................4

*U.S. E.E.O.C. v. Denham Springs Pub. Co.*,
2012 U.S. Dist. LEXIS 11264 (M.D. La. Jan. 27, 2012) ..................................................3

*Unites States v. York*,
600 F. 3d 347 (5th Cir. 2001) ...........................................................................................21

*Vadie v. Mississippi State Univ.*,
218 F. 3d 365 (5th Cir. 2000) ...........................................................................................22

*Valero v. Title v. Tli Ins. Co.*,
2021 U.S. Dist. LEXIS 221317 (S.D. Tex. Mar. 30, 2021) ...............................................7

*Westbrook v. Gen. Tire and Rubber Co.*,
754 F. 2d 1233 (5th Cir. 1985) ..........................................................................................5

*Witbeck v. Equip. Transp., LLC*,
2022 U.S. Dist. LEXIS 38016 (M.D. Pa. Mar. 3, 2022) ...................................................5

*Woodward v. Lopinto,*
2021 U.S. Dist. LEXIS 93155 (E.D. La. May 17, 2021) ................................................................3

*Wyvill v. United Cos. Life Ins. Co*.,
212 F.3d 296 (5th Cir. 2000) .......................................................................................................16

**STATUTES**

Fed. R. Civ. P. 8(a)(2) ....................................................................................................................9

Fed. R. Evid. 401 .......................................................................................................................7, 18

Fed. R. Evid. 402 .........................................................................................................................1, 7

Fed. R. Evid. 403 ...................................................................................................................2, 7, 18

Fed. R. Evid. 404(b) ......................................................................................................................12

Fed. R. Evid. 701 ......................................................................................................................18, 19

**OTHER SOURCES**

Black's Law Dictionary (11th ed. 2019) .........................................................................................6

Michael J. Zimmer, Slicing & Dicing of Individual Disparate Treatment Law,
61 La. L. Rev. 577 (2001) .............................................................................................................20

**MAY IT PLEASE THE COURT:**

## INTRODUCTION

Defendants' Motion in Limine ("Motion"), which seeks exclusion of nineteen categories of evidence, seeks to exclude broad swaths of evidence without identifying: 1) any specific evidence or 2) the specific evidentiary reasons warranting exclusion of the same. By failing to "identify specific issues which are likely to arise at trial" and explain why they cannot be addressed at trial following proper evidentiary protocol, Defendants' Motion contravenes the intended purpose of a motion in limine and fails to meet its burden to show that any evidence it seeks to exclude is inadmissible on every relevant ground. To the extent Defendants' requests are overbroad and lack the specificity with which motions in limine must be informed, the Court should deny Defendants' Motion and, instead, permit Defendants to assert specific objections at trial if they are actually warranted.

By way of further background, Defendants' Motion is almost virtually identical to the Motion in Limine it filed in the companion case of *Elliot Williams v. McDermott International Inc.*, et al, WDLA No. 2:20-cv-00277 [D.E. 32]. With the sole exception of the Conciliation Failure and Notice of Rights described in section M of Defendants' Motion, Plaintiff submits that the material considerations in *Williams* being re-urged to this Court in the context of this case warrant the same treatment afforded to the same therein.

## STANDARD OF REVIEW

Evidence is generally admissible so long as it is relevant and not barred by the Constitution, a federal statute, the Federal Rules of Evidence, or other rules prescribed by the Supreme Court. *Rolfe v. Ace Am. Ins. Co.*, 2022 U.S. Dist. LEXIS 56810, * 4 (W.D. La. Mar. 28, 2022) (citing Fed. R. Evid. 402). Among other grounds, the court may exclude relevant evidence where its probative value is substantially outweighed by a danger of unfair prejudice, confusing

1

the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. *Id.* (citing Fed. R. Evid. 403). That being said:

> The purpose of a motion in limine is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence. Evidence should not be excluded in limine unless it is clearly inadmissible on all potential grounds. To that end, evidentiary rulings should often be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in proper context. *Equal Emp. Opportunity Comm'n v. First Metro. Fin. Serv., Inc.*, 515 F. Supp. 3d 573, 574-75 (N.D. Miss. 2021); *Rivera v. Robinson*, 464 F. Supp. 2d 847, 853 (E.D. La. Jun. 1, 2020).

The movant bears the burden of demonstrating that the evidence is inadmissible. *In re Marquette Transp. Co. Gulf-Inland, LLC,* 2022 U.S. Dist. LEXIS 16025 n. 15 (W.D. La. Jan. 27, 2022). Moreover, "[m]otions in limine are frequently made in the abstract and in anticipation of some hypothetical circumstance that may not develop at trial." *Id.* (citations and quotations omitted). Evidentiary rulings, however, "should often be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in proper context." *Id.*; *Baxter v. Anderson*, 277 F.Supp.3d 860, 863 (M.D. La. 2017). Additionally, these rulings "are not binding on the trial judge . . . and the judge may always change his mind during the course of a trial." *Rolfe*, 2022 U.S. Dist. LEXIS 56810 at * 5 (citation omitted).

## LAW AND ARGUMENT

Plaintiff addresses each of the categories described in Defendant's Motion in Limine below:

### A. Defendants' Wealth and Ability to Pay

Defendants move the Court to issue an order excluding references to its ability to pay a potential judgment [D.E. 38, p. 8]. That being said, Defendants' argument ignores that: 1) punitive damages are readily available under both 42 U.S.C. 1981 and Title VII, and 2) Plaintiff requests punitive damages against Defendants under both statutes due to what he contends

constitutes willful, invidious discrimination on the basis of his race [D.E. 1, p. 17]. To this end, "evidence of a tortfeasor's wealth is traditionally admissible as a measure of the amount of punitive damages that should be awarded. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 270, 101 S. Ct. 2748, 69 L. Ed. 2d 616 (1981); *Graef v. Chem. Leaman Corp.*, 106 F. 3d 112, 119 (5th Cir. 1997). Because punitive damages are at issue in this case, Defendant's Motion must be denied to the extent that Defendants' wealth and ability to pay is relevant to the evaluation of Plaintiff's claim for the same. *See generally id; Demptser v. Lamorak Ins. Co*., 2020 U.S. Dist. LEXIS 174317, *13 (E.D. La. Sept. 21, 2020) (citing *U.S. E.E.O.C. v. Denham Springs Pub. Co.*, 2012 U.S. Dist. LEXIS 11264, * 2 (M.D. La. Jan. 27, 2012)); *Woodward v. Lopinto*, 2021 U.S. Dist. LEXIS 93155 (E.D. La. May 17, 2021) (denying limine to the extent the request may apply to punitive damages); *Madison v. Courtney*, 2019 U.S. Dist. LEXIS 183485, * 12 (N.D. Tex. Jan. 27, 2019)(permitting use of net-worth and financial-status evidence in connection with arguing punitive damages).

### B. Golden Rule Arguments

Defendants suggests that the Golden Rule[1] argument may not be used for any purpose at trial [D.E. 38, p. 3]. This is incorrect. *Baxter*, 277 F. Supp. 3d at 864. Gold Rule arguments are readily permissible on questions of liability. *Id*. (citing *Hymel v. U.N.C. Inc*., 68 F.3d 467 [published in full-text format at 1995 U.S. App. LEXIS 42404], *5 (5th Cir. 1995) (unpublished) ("Our case law forbids the Golden Rule argument only in relation to damages"); *Stokes v. Delcambre*, 710 F.2d 1120, 1128 (5th Cir. 1983) ("The use of the Golden Rule argument . . . is not improper when urged on the issue of ultimate liability"); *Burrage v. Harrell*, 537 F.2d 837, 839 (5th Cir. 1976) (argument related to the reasonableness of the defendant's actions was not an

---

[1] "A Golden Rule argument suggests that the jury place themselves in the plaintiff's position and do unto him as they would have him do unto them." *Learmonth v. Sears, Roebuck & Co*., 631 F.3d 724, 732 (5th Cir. 2011) (internal quotations and citations omitted).

impermissible "Golden Rule" argument); *Aikens v. Cent. Or. Truck Co.,* 2021 U.S. Dist. LEXIS 180427, * 6 (E.D. Tex. Sept. 22, 2021); *Mhire v. Remedial Constr. Servs. LP*, 2021 U.S. Dist. LEXIS 169546, * 8 (W.D. La. Sept. 7, 2021). Plaintiff does not seek to employ this rule with respect to any arguments on damages, and Defendants' Motion must be denied in all other respects.

### C.  "Send a Message" or to "Act as the Conscience of the Community"

Next, Defendants suggest that a lawyer's appeal for the jury to act as the "conscience of the community" is per se improper [D.E. 38, p. 9]. That is simply not the case. *Baxter*, 277 F. Supp. 3d at 865. Indeed, "[u]nless calculated to incite the passions and prejudices of the jurors, appeals to the jury to act as the community conscience are not per se impermissible." *Id.* (citing *United States v. Solivan*, 937 F.2d 1146, 1151 (6th Cir. 1991)(emphasis added). The Fifth Circuit has explained:

> Arguments which invite a jury to act on behalf of a litigant become improper "conscience of the community" arguments when the parties' relative popular appeal, identities, or geographical locations are invoked to prejudice the viewpoint of the jurors. The improper remarks become the basis for granting a new trial when the trial judge, with the benefit of his or her firsthand knowledge of the entire proceedings, believes that the remarks infected the deliberations and conclusions of the jury.
>
> *Guar. Serv. Corp. v. Am. Employers' Ins. Co*., 893 F.2d 725, 729 (5th Cir. 1990), *opinion modified on reh'g*, 898 F.2d 453 (5th Cir.1990)(emphasis added).

While there exist circumstances in which the argument may be improper,[2] whether or not such an appeal is permissible depends "upon the context of the argument and the manner in which it is made, information not provided by Defendant[] in this motion." *Baxter*, 277 F. Supp. 3d at 865 (citing *Reese v. Mercury Marine Div. of Brunswick Corp*., 793 F. 2d 1416, 1429 (5th Cir. 1986) ("It is far from clear that a few isolated remarks by [defendant] constituted an

---

[2] For example, it is improper to make the argument in determining whether there is an unreasonable risk of harm in a negligence case. *Id.* (citing *Hamilton v. Kansas City S. Ry. Co.*, 97-1650 (La. App. 3 Cir. 4/1/98), 710 So. 2d 358, 360.

impermissible appeal to the conscious of the community"); *cf. Westbrook v. Gen. Tire and Rubber Co.*, 754 F. 2d 1233, 1238-39 (5th Cir. 1985). Without more, the Court, like the *Baxter* Court, should not issue a blanket order prohibiting the parties from using an appeal to the "conscious of the community." *Baxter*, 277 F. Supp. 3d at 865.

Here, Plaintiff seeks an award of punitive damages, which are afforded as potential remedies under both Title VII and 42 U.S.C. 1981 [D.E. 1]. The purpose of punitive damages is to punish the defendant. *See Smith v. Wade*, 461 U.S. 30, 54, 103 S. Ct. 1625, 75 L. Ed. 2d 632 (1983) (quotation omitted). The first and most important factor impacting the reasonableness of a punitive damages award is "the degree of reprehensibility of the defendant's conduct." *State Farm Mutual Insurance Company v. Campbell*, 538 U.S. 408, 123 S. Ct. 1513, 155 L. Ed. 2d 585 (2003). Contrary to Defendants' vague, baseless assertion, there is nothing improper about asking a jury, who is tasked with assessing punitive damages and ascertaining the amount thereof, to consider the reprehensibility of conduct within the context of the surrounding societal circumstances. Likewise, suggesting the jury send a message to Defendant or similarly situated actors is not categorically inappropriate. *Witbeck v. Equip. Transp., LLC*, 2022 U.S. Dist. LEXIS 38016, * 5 (M.D. Pa. Mar. 3, 2022) (*citing Snyder v. Bazargani*, 241 F. App'x 20, 23 (3d Cir. 2007)) (collecting cases). Given that this is an employment discrimination/retaliation case, and because evaluations of those claims require consideration of punitive damages, Defendant's Motion must be denied.

### D.  References to Plaintiff as a "Victim"

Defendants argue that the term "victim" should be excluded because the term "incorrectly implies the existence of a 'criminal' legal proceeding" [D.E. 38, p. 9-10]. This argument is

without merit, and Defendants' Motion in this regard should be denied, especially in the context of discrimination and retaliation claims.

First, the Supreme Court itself refers to discrimination plaintiffs as "victims." *Pollard v. E.I. DuPont de Nemours Co*., 532 U.S. 843, 121 S. Cr. 1946, 1951, 150 L. Ed. 2d 62 (2001) ("In 1991, Congress determined that victims of employment discrimination were entitled to additional remedies." Moreover, courts within the Fifth Circuit have expressly rejected Defendants' argument that the term "victim" improperly inflames or prejudices a jury [D.E. 32-1, p. 4]. First, the term "victim" – when afforded its plain meaning – does not necessarily imply criminal wrongdoing. *Riley v. Ford Motor Co*., 2011 U.S. Dist. LEXIS 84381, * 5-6 (S.D. Miss. Jul. 29, 2011) (emphasis added). Indeed, the term "victim" is defined as "[a] person harmed by a crime, tort, or other wrong." Victim, Black's Law Dictionary (11th ed. 2019). Plaintiff claims that he was the victim of Defendants' invidious discrimination, harassment, and retaliation, and Plaintiff's counsel should be free to present Plaintiff's case in that light. *Id.* Courts within the Fifth Circuit have specifically denied requests to exclude the term "victim" in civil rights cases. *See, e.g., Morris v. Young*, 2016 U.S. Dist. LEXIS 76567, * 3-4 (N.D. Miss. Jun. 13, 2016) ("whether Plaintiff was a victim of age discrimination is highly relevant to this case; indeed, it is the very issue being tried. To exclude such reference as prejudicial would preclude Plaintiff from telling her version of the facts. This would be akin to preventing Defendants from denying that it terminated Plaintiff because of her age"). Furthermore, the potential for substantial prejudice is negligible: "jurors are more perceptive than attorneys often give them credit for being. Theatrical performances and overwrought language from counsel rarely work as counsel hopes." *Id.*

*{Remainder of Page Intentionally Left Blank}*

### E.  Reference to Motions/Rulings

Citing generally to Federal Rules of Evidence 401, 402, and 403, and without explaining how any of the evidence rules actually would operate in this context, Defendants nevertheless ask the Court to exclude what amounts to the entire docket of this case [D.E. 38, p. 10]. Defendants bear the burden of demonstrating that "evidence" – the subject of a motion in limine – is inadmissible. *In re Marquette*, 2022 U.S. Dist. LEXIS 16025, at * 9 n.15 (citations omitted). Defendants do not cite to a single case to support an argument that pleadings and motions, which are part of a public court record, are somehow violative of any evidence rule. This is likely because none exists: pleadings are not evidence. *See Skennion v. Godinez*, 159 Fed. Appx. 598, 601 n. 1 (5th Cir. 2005) ("The complaint is not evidence.") (citing *Geiserman v. MacDonald*, 893 F. 2d 787, 793 (5th Cir. 1990)). Moreover, "statements made by an attorney in a motion are not evidence." *Mendias-Mendoza v. Sessions*, 877 F. 3d 223, 228 n. 3 (5th Cir. 2017). As such, pleadings are not evidence, let alone inadmissible evidence. *Valero v. Title Ins. Co.,* 2021 U.S. Dist. LEXIS 221317, * 4 n. 2 (S.D. Tex. Mar. 30, 2021). Accordingly, there is no objective basis upon which to categorically exclude reference to the operative pleadings in this case. For this reason, Defendants' Motion, which seeks to apply an evidentiary exclusion to non-evidence, must be denied. Should the trial proceedings necessitate the discussion of the record, whether it be for procedural clarification purposes or otherwise, the parties should be free to reference those docket entries as the case requires.

### F.  References to Dismissed Claims

Following the filing of Defendants' Motion in Limine, this Honorable Court issued a Memorandum Order and corresponding Judgment granting and denying Defendant's then-pending Motion for Summary Judgment, in part [D.E. 41, 42]. Though the Court dismissed Plaintiff's retaliation/constructive discharge claim, several of the facts underlying such claims

nevertheless remain entirely probative and relevant to Plaintiff's remaining hostile work environment claim.

To succeed on a hostile work environment claim, Plaintiff must show: (1) the employee belonged to a protected class; (2) the employee was subject to unwelcome harassment; (3) the harassment was based on the protected class; (4) the harassment affected a "term, condition, or privilege" of employment; and (5) the employer knew or should have known of the harassment and failed to take prompt remedial action. *Bye v. MGM Resorts Int'l, Inc.*, 49 F.4th 918, 923 (5th Cir. 2022), *cert. dismissed*, —— U.S. ——, 143 S. Ct. 1102, 215 L.Ed.2d 669 (2023) (cleaned up). As is made clear from the parties' respective summary judgment briefs, the timing at which CB&I was legally placed on "notice" of the harassment at issue directly impacts Plaintiff's ability to establish the final element of his claim, i.e., whether CB&I "failed to take prompt remedial action." To the extent the timing question turns on the text of CB&I company reporting policies and the status/authority afforded to Paul Williams, any facts pertaining to CB&I's investigation of the harassment, conversations with and/or about Williams, and/or disciplinary action of Williams, is relevant to establishing Williams's role in receiving and addressing harassment complaints, as well as to the efforts ultimately taken by CB&I to purportedly remedy the harassment alleged.

Defendants' Motion is too vague and unspecified in its request, and for this reason, its Motion should be denied at this time.

### G. Commentary and/or Testimony Mischaracterizing Exhibits

Plaintiff's counsel is aware of its duty of candor to the court, and Plaintiff has no intention of attempting to "mischaracterize" the contents of any exhibits offered during the course of trial. Plaintiff seeks only to proffer the exhibits, describe and/or summarize the

exhibits, and explain or proffer reasonable inferences that can be drawn therefrom. This is no different than what a jury can do.

### H.  References to "Claims" Not Plead in the Lawsuit

Though it entitled this section of its Memorandum, "Evidence Regarding Claims Not Plead in the Lawsuit," Defendants argue that the Court should exclude from evidence" any comments, arguments, testimony, and/or documents pertaining to any allegation of harassment or retaliation that was not pleaded" in the Complaint [D.E. 38, p. 11]. Not only do Defendants fail to identify any specific evidence it contends should be excluded under this blanket exclusion, but Defendants make the argument despite its own interpretation of Plaintiff's Complaint as alleging "that he was subjected to a hostile work environment because of his race during his employment with Defendants and retaliation for complaining about harassment in violation of Title VII . . . as well as 42 U.S.C. 1981" [D.E. 38, p. 11]. Because Plaintiff plead claims for Title VII hostile work environment, Title VII retaliation, and constructive discharge in his Complaint, Plaintiff is permitted to tender any evidence establishing factual allegations to support those claims. Defendant's Motion should be denied.

While Defendants' Motion must be denied for lack of specificity required by motions in limine, as an alternative basis for denial, Defendants themselves note, "[u]nder Federal Rule of civil Procedure 8(a)(2), a [complaint] must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" [D.E. 38, p. 11] (citing Fed. R. Civ. P. 8(a)(2)). As the [Supreme] Court held in [*Bell Atlantic Corp. v.] Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929. . ., the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

Indeed, the "simplified notice pleading standard" of the Federal Rules "relies on liberal discovery rules and summary judgment options to define disputed facts and issues and to dispose of unmeritorious claims." *Twombly*, 550 U.S. at 585 (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002)). In this case, there is no claim that Plaintiff failed to meet the requirements of Rule 8 when he filed his Complaint. Plaintiff did, in a more general sense, raise additional factual instances and examples, all of which were developed through discovery, to support a finding that: 1) he was subjected to an actionable, racially hostile work environment; 2) he was subjected to retaliation; and/or 3) he was constructively discharged, all of which were plead in Plaintiff's Original Complaint [D.E. 1]. To exclude evidence of the factual support for legal "claims" Plaintiff sufficiently plead under Rule 8 would be to ignore the *Iqbal* Court's express holding that a Complaint does not require "detailed factual allegations," 556 U.S. at 677-78, and to ignore the notice pleading – not fact pleading – standard of the Federal Rules. *Twombly*, 550 U.S. at 585. Indeed, to interpret Rule 8 to require Plaintiff to amend his complaint each and every time discovery clarified a single factual allegation or revealed additional supporting information for already-pending "claims" would result in a slew of Motions for Leave to Amend that would do nothing more than clog the court's docket and waste judicial resources. That being said, to the extent the Court finds that Plaintiff should have moved to amend his Complaint to include these additional facts (not "claims"), Plaintiff respectfully submits that he should be granted leave to do so prior to trial, even despite the expired amendment deadline. *See Laborde v. Northwestern Mut. Life Ins. Co.*, 2017 U.S. Dist. LEXIS 145880 (W.D. La. Sept. 8, 2017). Because these facts were developed during discovery, Defendants have suffered no prejudice, and it is in the interest of justice and judicial economy for

Plaintiff to be permitted to amend "so that trial may proceed on all the related allegations with regard to the claims he pled." *Id.*

I. **References to Anecdotal Employment-Related Problems of Non-Similarly Situated Employees or Former Employees of Defendants**

Defendants have also moved to exclude any evidence of alleged, unrelated allegations of discrimination involving persons other than Plaintiff [D.E. 38, p. 12]. In support, Defendants argue that "such evidence is not relevant to the circumstances leading up to the termination of Plaintiff's employment and would only tend to distract and/or confuse the trier of fact, and prejudice Defendants" [D.E. 38, p. 12]. Contrary to Defendants' argument, the admissibility of the evidence in question, at least as a general matter, is clear under established precedent. Indeed, when a plaintiff must prove intentional discrimination, a district court can abuse its discretion by limiting a plaintiff's ability "to show the 'atmosphere' in which the plaintiff[] operated." *Kelly v. Boeing Petroleum Servs.,* 61 F. 3d 350, 358 (5th Cir. 1995) (citation omitted). For example, in *Phillip v. ANR Freight Sys., Inc*., 945 F.2d 1054 (8th Cir. 1991), *cert. denied*, 506 U.S. 825, 121 L. Ed. 2d 45, 113 S. Ct. 81 (1992), the Eighth Circuit Court of Appeals confronted the question of the admissibility of evidence of other age discrimination lawsuits against an employer:

> The district court found that Phillip had failed to show that the cases were sufficiently similar to his own case and therefore the evidence was excluded on the grounds that it was irrelevant and unduly prejudicial. In light of our recent decision in *Hawkins v. Hennepin Technical Center*, 900 F.2d 153, 154 (8th Cir.), *cert. denied*, [498] U.S. [854], 111 S. Ct. 150, 112 L. Ed. 2d 116 (1990), we must disagree with the district court's exclusion of this important evidence.
>
> In *Hawkins*, this court reversed and remanded an employee's gender discrimination and retaliatory discharge suit against her employer because the district court excluded, on relevancy grounds, evidence of alleged acts of sexual harassment committed against the plaintiff and other employees. We held that "the evidentiary exclusions were erroneous and deprived [plaintiff] of a full opportunity to present her case to the jury." *Id*. at 154. We explained that "because an employer's past discriminatory policy and practice may well illustrate that the

employer's asserted reasons for disparate treatment are a pretext for intentional discrimination, this evidence should normally be freely admitted at trial." *Id.* at 155-56.

In an earlier case, *Estes v. Dick Smith Ford, Inc.*, 856 F.2d 1097 (8th Cir. 1988), we similarly reversed and remanded a suit by an employee alleging age and race discrimination where the district court excluded, on relevancy grounds, "evidence which tended to show a climate of race and age bias at [defendant's company]." *Id.* at 1102. We noted that an employer's background of discrimination is indeed relevant to proving a particular instance of discrimination. *Id*. at 1103. We find the reasoning of these two cases to be compelling in our resolution of the instant case. Here, as in [Hawkins] and Estes, the admission of such "background evidence may be critical for the jury's assessment of whether a given employer was more likely than not to have acted from an unlawful motive." *Estes, supra*, 856 F.2d at 1103. Accordingly, we reverse the decision of the district court to exclude this evidence and remand the case for a new trial.

*Phillip*, 945 F.2d at 1056.

More recent decisions demonstrate the continued viability of the proposition that evidence showing an employer has discriminated against other employees is generally admissible in the trial of the discrimination claim of a particular employee. *See, e.g., Parrish v. Immanuel Med. Ctr.*, 92 F.3d 727, 733 (8th Cir. 1996) ("In an employment discrimination case, where the plaintiff faces the difficult task of establishing an employer's motive, such evidence [that a similarly situated employee was also the subject of age discrimination] provides valuable circumstantial proof of an atmosphere of age bias and an employer's unlawful intent," citing *Hawkins*, 900 F.2d at 155); *Duckworth v. Ford*, 83 F.3d 999, 1001 (8th Cir. 1996) (the employer claimed that the district court erred by admitting into evidence information about the judgment in another case against the employer as evidence of other wrongs or acts under Fed. R. Evid. 404(b), because the two cases were not factually similar and the evidence improperly suggested that the employer was someone who had a propensity to retaliate, and because the danger of unfair prejudice outweighed any probative value of the evidence; however, the appellate court

found that "evidence that [the employer] had retaliated against someone else at about the same time and under similar circumstances is evidence from which the jury could reasonably infer that [the employer] had a similar motive or intent to retaliate against [the plaintiff]," *citing Estes*, 856 F.2d at 1103); *accord Aman v. Cort Furniture Rental Corp*., 85 F.3d 1074, 1086 (3d Cir. 1996) (citing *Estes* for the proposition that "evidence of discrimination against other employees or of a hostile work environment is relevant to" whether the employer's asserted non-discriminatory reasons are in fact pretextual); *Burks v. Oklahoma Pub. Co*., 81 F.3d 975, 981 (10th Cir. 1996) ("'As a general rule, the testimony of other employees about their treatment by the defendant is relevant to the issue of the employer's discriminatory intent'")(quoting *Spulak v. K Mart Corp.*, 894 F.2d 1150, 1156 (10th Cir. 1990)), *pet. for cert. filed*, 65 U.S.L.W. 3166 (Aug. 19, 1996).

The Fifth Circuit has, too, recognized that there are circumstances in which evidence of disparate treatment of other employees can be relevant and probative on a plaintiff's claim of discrimination. *See, e.g., Tratree v. BP North America Pipelines, Inc*., 390 Fed. Appx. 386, 390 (5th Cir. 2010) (holding that testimony from plaintiff and other employees to establish discriminatory culture or regarding decisionmakers who terminated the plaintiff would "certainly have been relevant and probative) (citing *Polanco v. City of Austin*, 78 F.3d 968, 979-80 (5th Cir. 1996); *Palasota v. Haggar Clothing Co*., 342 F.3d 569, 577 (5th Cir. 2003)). Therefore, Defendants' request for a ruling excluding any evidence of discrimination against other employees that plaintiff might offer on the ground that such evidence would necessarily be irrelevant, should not be well taken. *See, e.g., Thompson v. City of Meridian*, 2012 U.S. Dist. LEXIS 204796, *2 (S.D. Miss. Mar. 29, 2012). Ultimately, "blanket evidentiary exclusions can be especially damaging in employment discrimination cases, in which plaintiffs must face the difficult task of persuading the fact-finder to disbelieve an employer's account of its own

motives." *Kelly*, 61 F. 3d at 359 (*citing Hawkins*, 900 F. 2d at 155). Other courts have also taken note of "judicial inhospitability to blanket evidentiary exclusions in discrimination cases." *Id.* (citation omitted). The Fifth Circuit has acknowledged that, in discrimination cases, circumstantial proof of discrimination typically includes unflattering testimony about the employer's history and work practices -- evidence which in other kinds of cases may well unfairly prejudice the jury against the defendant. In discrimination cases, however, such background evidence may be critical for the jury's assessment of whether a given employer was more likely than not to have acted from an unlawful motive. *Kelly*, 61 F. 3d at 359 (citing *Estes*, 856 F. 2d at 1103).

Ultimately, there is no per se prohibition against other-acts evidence. *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 388, 128 S. Ct. 1140, 170 L. Ed. 2d 1 (2008). Indeed, "[o]ther evidence that may be relevant to any showing of pretext includes facts as to the petitioner's treatment of respondent during his prior term of employment." *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 804, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973). That is not to say that all such evidence is admissible, but the Court must carefully consider the disputed evidence in the context for which it is offered. *Sprint/United Mgmt. Co*., 552 U.S. at 388. No such inquiry is possible based on the current record and, as such, this portion of Defendant's Motion must be denied. *See Parker v. Tyson Foods, Inc*., 499 F. Supp. 3d 297, 302 (S.D. Miss. Nov. 9, 2020).

### J.  Other Claims, Judgments, Actions or Charges Against Defendants

In a similar request to Request I, and without suggesting any specific cases, claims, judgments, actions, or charges, Defendant asks the Court to exclude any reference to any other lawsuits, including any other discrimination or retaliation claims, complaints, or charges by any employee or former of employee other than Plaintiff [D.E. 38, p. 12-13]. Defendant argues any claim other than Plaintiff's is, categorically and irrespective of context, "irrelevant," and that the

probative value of the evidence is "greatly outweighed by the risk of prejudice to Defendants" [D.E. 38, p. 12-13].

First, Defendants have not provided the details of "any" other lawsuits, claims, charges, etc. it seeks to exclude. Defendants have, thus, made it impossible for the Court to make any pretrial determination as to whether "any" proceedings or lawsuits are relevant to any issue remaining to be tried in this cause. The Court should deny Defendants' Motion accordingly.

When discussing admissibility of anecdotal evidence, which includes lawsuits/claims/charges of other employees, the inquiry is "fact-based and depends on many factors, including how closely related the evidence is to the plaintiff's circumstances and theory of the case." *Morris*, 2016 U.S. Dist. LEXIS 76567 at* 2-3 (citing *Harkness v. Bauhaus U.S.A.*, Inc., 2015 U.S. Dist. LEXIS 17926, *2 (N.D. Miss. Feb. 13, 2015)). Factors to consider are "whether such past discriminatory behavior by the employer is close in time to the events at issue in the case, whether the same decision[]makers were involved, whether the witness and the plaintiff were treated in a similar manner, and whether the witness and the plaintiff were otherwise similarly situated." *Id*. (alteration in original).

As an illustrative example of a claim/charge that cannot and should not be excluded, Elliot Williams, who is a key witness in this case, filed a similar charge of discrimination against Defendants based on circumstances nearly identical to those at issue in this case. Mr. Williams was on Plaintiff's crew, and, as such, was, just like Plaintiff, also exposed to Jerry Vincent and Paul Williams' discriminatory, harassive, and/or retaliatory conduct. Indeed, Mr. Williams, just like Plaintiff, resigned (i.e., was constructively discharged) due to what he contends were objectively and subjectively intolerable working conditions, promulgated mostly by Paul Williams in retaliation for Mr. Williams's complaints of worksite race harassment. Even more,

Mr. Williams, just like Plaintiff, also sought recourse with the EEOC against Defendant based on the conduct of the same alleged actors and commenced formal litigation against Defendants within the timeframes prescribed by law.

Defendant's reliance on *Wyvill* to support wholesale exclusion is entirely improper, especially as it relates to other employees and former employees who were exposed to the exact same environment as plaintiff, in terms of co-workers, supervisors, and geographic work area. Indeed, *Wyvill* has been held inapplicable when, as here, "the proposed testimony relates to similar treatment by the same supervisor." *Harkness*, 2015 U.S. Dist. LEXIS 17926 at *2 n.2 (*citing Lewis v. Home Depot U.S.A., Inc*., 2007 U.S. Dist. LEXIS 26691, *2 (W.D. Tex. Apr. 10, 2007)). To the extent other charges, lawsuits, claims etc. against Defendants involve the same alleged actors as Plaintiff's claim, that evidence is both relevant and extremely probative to Plaintiff's claims. For this reason, Defendant's Motion should be denied.

### K. References to the Filing of an EEOC Charge, Alleged Discrimination or Harassment

Without identifying any evidence, Defendant moves to categorically exclude "any comment, argument, and/or evidence that constitutes generalized, conclusory, and/or speculative statements about the effect of filing an EEOC charge, or regarding perceived discrimination or harassment, or testimony about events of which the witnesses have no personal knowledge" [D.E. 38, p. 13]. Again, without referencing any evidence or testimony, Defendant argues that this ubiquitous category of damages "is irrelevant, without proper foundation, and its scant probative value is greatly outweighed by the risk of undue prejudice to Defendants" [D.E. 38, p. 13].

This particular request is so abstract, generalized, and ill-defined, it is difficult to formulate a meaningful response. To the extent Defendants are prematurely lodging foundation

objections to witness testimony, rulings must be deferred until trial, at which time there will be: 1) testimony to analyze; and 2) sufficient context to determine whether testimony actually creates some evidentiary issue that would impact its admissibility.

With respect to the EEOC filing, Plaintiff notes his legal obligation under Title VII to exhaust his administrative remedies with the EEOC before commencing suit before this Court. *See Fort Bend Cty. v. Davis*, 139 S. Ct. 1843, 1851, 204 L. Ed. 2d 116 (2019). Plaintiff further notes that the exhaustion requirements require Plaintiff to detail what he believes constitutes discrimination and/or retaliation in his EEOC Charge, which triggers the EEOC investigatory and conciliatory procedures in attempt to achieve non-judicial resolution of employment discrimination claims." *Pacheo v. Mineta*, 448 F. 3d 783, 788-89 (5th Cir. 2006); *Sanchez v. Standard Brands, Inc*., 431 F. 2d 455, 466 (5th Cir. 1970). That being said, in the absence of something more specific, the Court should not grant Defendant's Motion. Instead, any evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice can be resolved in the proper context.

**L. The EEOC Determination Letter**

In light of the Court's ruling on the admissibility of this particular document in the *Williams* matter,[3] Plaintiff does not intend to submit the EEOC Determination Letter as evidence in the case and, instead, intends to establish the underlying facts through documentation and witness testimony.

**M. The EEOC Notice of Conciliation Failure**

Defendants similarly seek to exclude the EEOC's Notice of Conciliation failure "because it is not relevant" [D.E. 38, p. 15-16]. Notably, however, Defendants ignore the fact that the Notice of Conciliation Failure also contains and provides Plaintiff's Notice of Suit Rights, the

---

[3] D.E. 46, p. 11-12.

date of which triggers Plaintiff's 90-day filing period. In other words, this document is relevant to the extent it is necessary to demonstrate that Plaintiff timely filed suit and properly exhausted his administrative remedies with the EEOC. The Notice is, therefore, relevant, and any risk of prejudice to Defendant in its introduction at trial is so incredibly minimal (if at all) that it does not outweigh its probative value, certainly not to a "substantial degree" that warrants exclusion under Fed. R. Evid. 403. The Notice should not be subject to exclusion under Rule 403. *See, e.g., Nuccio v. Shell Pipeline Co., LP*, 506 F. Supp. 3d 382, 390 (E.D. La. Dec. 11, 2020) (denying motion to exclude EEOC Notice of Conciliation Failure under Fed. R. Evid. 401 or Fed. R. Evid. 403). This case differs from *Williams*, and warrants a different result, to the extent that the only document reflecting the timeliness of Plaintiff's suit here, and the document attached to Plaintiff's Complaint, is the combined Conciliation Failure and Notice of Rights [D.E. 1-1].

### N.  Subjective Beliefs of Discrimination or Harassment

Defendants also move to preclude Plaintiff and his witnesses from offering opinions as to whether discrimination or harassment occurred [D.E. 38, p. 16]. Federal Rule of Evidence 701 allows a lay witness to offer an opinion provided it is "rationally based on the witness's perception" and "helpful to clearly understanding the witness's testimony or to determining a fact in issue." Fed. R. Evid. 701(a)-(b). The Fifth Circuit examined Rule 701 in the employment-discrimination context in *Hansard v. Pepsi-Cola Metropolitan Bottling Co*., where a coworker, Miller, testified that the plaintiff was not rehired because of his age. 865 F.2d 1461, 1465 (5th Cir. 1989). Miller had no first-hand knowledge regarding the disputed employment decision, but he was familiar with the defendant's "hiring policy and its general corporate youth movement." *Id*. at 1465-66. The Fifth Circuit observed that "[c]ourts often have permitted lay witnesses to express opinions about the motivation or intent of a particular person if the witness has an

adequate opportunity to observe the underlying circumstances." *Id.* at 1466. And though it was admittedly hesitant, the Fifth Circuit found no abuse of discretion in allowing the testimony. *Id.* at 1467.

The same court appeared less hesitant in *Haun v. Ideal Industries Inc*., where it affirmed the decision to allow lay testimony that the employer was "deliberately phasing-out older workers." 81 F.3d 541, 548 (5th Cir. 1996). The coworker's testimony stood because it was "based on his perception [drawn from personal observations] and helped the jury determine whether [the employer] discriminated." *Id.* Thus, this type of testimony can be admitted, so long as it is properly supported. *See Parker*, 499 F. Supp. 3d at 301.

When faced with an identical request, other courts have denied motions in limine to the extent the request sought exclusion of general opinion testimony of discrimination. *Madison*, 2019 U.S. Dist. LEXIS 183485, at * 15 (refusing to exclude general opinion testimony of discrimination and requiring parties to elicit testimony from lay witnesses in accordance with Fed. R. Evid. 701). For this reason, and because Defendants have not presented any specific evidence it contends should be excluded on this basis, Defendants' Motion must be denied.

### O. Stray Remarks

Defendants next move to exclude "stray remarks representing alleged acts of discrimination which were not directed to Plaintiff or in conversations to which Plaintiff was not a party" [D.E. 38, p. 16]. Defendants' Motion must be denied in this respect.

First, in line with the remainder of its Motion, Defendant does not cite to or reference a single statement that it contends falls under this category. Because Defendant's Motion lacks the specificity required by motions in limine, its request must be denied at this time.

Second, Defendants fail to specifically define the type of "stray remark" it seeks to exclude, which, as it should know, is a term of art as used in the employment discrimination

context.[4] Defendant's proposed definition of "stray remark" does not align, in any way, with the definitions of that term employed by the Fifth Circuit. *See id.* Even more, however, "[t]he Fifth Circuit has recognized the inherent value of workplace remarks as circumstantial evidence of discriminatory intent, even though such remarks may be 'stray remarks' that would not ordinarily suffice as direct evidence of employment discrimination." *Acker v. DeBoer, Inc.*, 429 F. Supp. 2d 828, 846 (N.D. Tex. 2006)(citing Russell, 235 F. 3d at 225) (holding that workplace remarks sufficed as circumstantial evidence from which an inference of discriminatory intent could be drawn even though comments were found to be stray remarks under the *CSC Logic* test); *Danville v. Regional Lab Corp.*, 292 F. 3d 1246, 1251 (10th Cir. 2002) (holding same); Michael J. Zimmer, Slicing & Dicing of Individual Disparate Treatment Law, 61 La. L. Rev. 577, 583 (2001).

Defendants' vague, ambiguous reference to "alleged acts of discrimination which were not directed at Plaintiff" is nothing more than Defendant seeking exclusion of the same anecdotal evidence it seeks to exclude in Section I of its Motion (which, for the reasons set forth in that Section, is legally improper). Additionally, any comments made in "conversations to which Plaintiff was not a party" do not constitute "stray remarks" simply because Plaintiff did not personally witness them. As Defendants are aware, witnesses who testify to the substance of conversations to which they were personally privy readily constitutes admissible, non-hearsay

---

[4] In cases involving direct evidence of discrimination, a comment is considered a "stray remark" if it fails to meet any one or more of the following criteria: 1) it is related to the protected class of persons of which the plaintiff is a member; 2) it is proximate in time to the complained-of adverse employment decision; 3) it is made by an individual with authority of the employment decision at issue; and/or 4) it is related to the employment decision at issue. *Jackson v. Cal-Western Packaging Corp.*, 602 F. 3d 374, 380 (5th Cir. 2010). In the direct evidence context, stray remarks are, "standing alone . . . insufficient to defeat summary judgment." *Id.* Notably, however, if a Plaintiff offers remarks as circumstantial evidence alongside other alleged discriminatory conduct … a plaintiff need only show (1) discriminatory animus and (2) on the party of the person that is either primarily responsible for the challenged employment action or by a person with influence or leverage over the relevant decisionmaker." *Reed v. Neopost USA*, Inc., 701 F. 3d 434, 441 (5th Cir. 2012) (citations omitted)

evidence. To the extent such conversations evidence discriminatory or retaliatory motive on the part of any decision-maker or influencer in the salient adverse actions, such comments are both admissible and probative. Defendants' Motion in this regard must be denied. In the event Plaintiff adduces evidence that fits the ill-defined category of whatever Defendant seeks to exclude by this request, Defendant can make the proper objection during trial, at which time the context of statements can be determined in their entirety.

### P.  Proof of Causation of Mental/Emotional Distress

Despite Fifth Circuit precedent to the contrary in the context of employment cases, Defendant nevertheless moves to exclude any evidence from Plaintiff, or any other lay witness "regarding any proof of causation of mental and/or emotional distress" [D.E. 38, p. 16-17].

First, "[t]he distinction between lay and expert testimony results from a process of reasoning familiar in everyday life, whereas expert testimony results from a process of reasoning that can only be mastered by specialists in the field." *Unites States v. York*, 600 F. 3d 347, 360-61 (5th Cir. 2001). Thus, while lay witnesses may not provide opinions which "require[] specialized medical knowledge, *see id*. at 361, assuming Rule 701's requirements are met, "a lay witness can provide opinion testimony as to mental state." *Jordan v. Wayne Cty*., 2017 U.S. Dist. LEXIS 108405, * 2 (S.D. Miss. Jul. 13, 2017) (*citing United States v. Heard*, 709 F. 3d 413, 422 (5th Cir. 2013)). Moreover, courts within the Fifth Circuit have permitted lay witnesses to provide opinion testimony as to causation of emotional stress and resulting headaches and upset stomachs. *Jordan*, 2017 U.S. Dist. LEXIS 108405, at * 2 (citing *Ishee v. Fannie Mae*, 2014 U.S. Dist. LEXIS 165910, *1-4 (S.D. Miss. Nov. 26, 2014)). Similarly, "courts allow lay witnesses to testify as to their firsthand observations of the mental anguish or emotional distress suffered by parties. *Eubanks v. St. Tammany Parish Hosp.*, 2004 U.S. Dist. LEXIS 11524, * 7 (E.D. La. Jun. 22, 2004); *Robert v. Maruice*, 2020 U.S. Dist. LEXIS 125859, * 25-26 (E.D. La. Jul. 16, 2020)

(*citing Barocco v. Ennis Inc*., 100 F. App'x 965, 968 (5th Cir. 2004)). Accordingly, assuming Rule 701's requirements are met, Plaintiff and other lay witnesses may provide opinion testimony as to the causation of his emotional/mental distress. *See, e.g., Jordan*, 2017 U.S. Dist. LEXIS 108405 at * 2.

The Fifth Circuit has also held that "[a] plaintiff's testimony, standing alone, can support an award of compensatory damages for emotional distress based on a constitutional violation" so long as the testimony establishes that "the plaintiff suffered demonstrable emotional distress, which must be sufficiently articulated." *Vadie v. Mississippi State Univ*., 218 F. 3d 365, 377 (5th Cir. 2000). While "a claimant's testimony alone may not be sufficient to support anything more than a nominal damage award[5] . . . corroborating testimony and medical evidence is not required in every case involving compensatory damages. *Decorte v. Jordan*, 497 F. 3d 433, 442 (5th Cir. 2007). For example, in *Forsyth v. City of Dallas*, 91 F.3d 769, 774 (5th Cir. 1996), the Fifth Circuit upheld: a $ 100,000 emotional damages award to a plaintiff who testified she suffered depression, weight loss, intestinal problems, and marital problems, had to be sent home from work because of her depression, and had to consult a psychologist; and a $ 75,000 emotional damages award to a plaintiff who testified he suffered depression, sleeplessness, and marital problems. *Decorte*, 497 F. 3d at 442. Similarly, in *Oden*, 246 F.3d at 470-71, the Fifth Circuit upheld a Title VII compensatory damages awarded based on evidence "includ[ing] [the plaintiff's] testimony concerning stress, sleeplessness, betrayal, and shame." *Decorte*, 497 F. 3d at 442; *Migis v. Pearle Vision, Inc*., 35 F. 3d 1041, 1046 (5th Cir. 1998) (mental-anguish evidence consisted solely of plaintiff's testimony). Ultimately, to exclude lay person testimony on the commonsensical causal link between workplace harassment and discrimination and emotional/mental distress is to ignore Fifth Circuit precedent holding that lay testimony alone is

---

[5] *Oden v. Okitbbeha County, Miss*., 246 F. 3d 458, 470 (5th Cir. 2001).

sufficient evidence upon which to award compensatory damages in employment cases. Defendants' Motion must be denied accordingly.

**Q. Absence or Unavailability of Any Witness**

Defendants next request in limine exclusion of "any testimony, statements, or reports of any witness who is absent, unavailable, or not called to testify in this case, including any reference to any hearsay statements, not within an exception, made by a person not presented to testify in court" [D.E. 38, p. 17]. Once again, Defendants have not identified a single shred of evidence, despite the extensive testimony and statements adduced during the numerous depositions taken in this case, that it submits falls within the category it seeks to wholesale exclude at trial. This lack of specificity is fatal to Defendant's Motion, as it is void of any objective means for which the Court to review and rule. That being said, Plaintiff intends to ensure the presence of all necessary witnesses, and, to the extent they become unavailable for whatever reason, requests the Court to defer ruling on any statements until such time that the unavailability occurs so that the rulings can be made within the proper context. Plaintiff notes that Paul Williams, a key witness in this case, has passed away since Plaintiff's employment ended. Accordingly, Plaintiff anticipates testimony as to certain actions and statements made by Paul Williams during Plaintiff's employment, leading up to and resulting in Plaintiff's constructive discharge. That being said, Plaintiff submits that the Court deny Defendants' motion with respect to this testimony, as such statements/actions are exempted from the definition of hearsay pursuant to Fed. R. Evid. 801(d) or otherwise constitute exceptions to hearsay under Fed. R. Evid. 804(b) or 807.

**R. Front And/or Back Pay Damages**

The Court recently granted Defendant's Motion for Summary Judgment with respect to Plaintiff's retaliation/constructive discharge claim [D.E. 41, 42]. Consequently, to the extent back

and/or front pay damages flow from claims no longer pending before this Court, Plaintiff does not intend to submit evidence pertaining to Plaintiff's wages for purposes of requesting back and/or front pay.

### S.  Law Firm

Defendants also request exclusion of any references to the "type or character of the legal practice of Ogletree, Deakins, Nash, Smoak & Stewart P.C. or the size or location of Ogletree" [D.E. 38, p. 19]. Plaintiff does not intend to introduce information regarding Defense counsel at trial and does not contest exclusion of the same; however, Plaintiff requests the ability to provide jurors with cursory background information for the counsel at trial and engage in limited questioning during voir dire to ensure that none of the jurors have a conflict. *See, e.g., Riley*, 2011 U.S. Dist. LEXIS 84381.

## CONCLUSION

Defendants do not provide the Court anything objective to consider in deciding what language, phrases, or evidence the Court should deem improper, much less how the same is "clearly inadmissible on all potential grounds." Instead, Defendants complain about amorphous and ill-defined concepts, rather than specific evidence which it believes Plaintiff will introduce or arguments which it believes Plaintiff might make. To the extent Defendants ask the Court to rule on abstract and generalized hypotheticals, in the absence of something more specific, the Court should not grant Defendants' Motion. Instead, any evidentiary rulings should be deferred until so that questions of foundation, relevancy, and potential prejudice can be resolved in the proper context.

*{Signature Page to Follow}*

**Respectfully Submitted**,

**SUDDUTH & ASSOCIATES, LLC**
1109 Pithon Street
Lake Charles, Louisiana 70601
Tel: (337) 480-0101
Fax: (337) 419-0507
*Email: james@saa.legal*
*Email: kourtney@saa.legal*

**BY:** *s/ James E. Sudduth, III*
JAMES E. SUDDUTH, III (#35340)
KOURTNEY L. KECH (#37745)
*Counsel for Plaintiff*