UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **JESUS GOVEA** | **CASE NO. 2:22-CV-01328** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **C B & I L L C ET AL** | **MAGISTRATE JUDGE LEBLANC** |

## MEMORANDUM ORDER

Before the Court is "Defendant's Motion in Limine" (Doc. 36) wherein CB&I, LLC ("CB&I") moves to exclude certain evidence at the trial of this matter.

## BACKGROUND

This lawsuit involves Plaintiff, Jesus Govea's allegations of discrimination by his employer, CB&I. Plaintiff's claims involve complaints of racial discrimination and retaliation under Title VII of the Civil Rights Act. Plaintiff's allegations include a co-worker's use of racial slurs and other discriminatory language, as well as allegations of retaliation by a supervisor, demeaning behavior, threats and crew reassignments after reporting the co-worker's behavior.

On Defendant's motion for summary judgment, the Court dismissed Plaintiff's retaliation claim, but denied dismissal of his hostile work environment claim.[1]

CB&I moves the Court for an order *in limine* to prohibit the following at the trial of this matter: (1) Defendant's finances and ability to pay a large verdict; (2) "Golden Rule arguments;" (3) any argument asking the jury to "send a message," or to "act as the

---
[1] Docs. 41 and 42.

conscience of the community;" (4) references, arguments, testimony, or comments referring to Plaintiff as the "victim;" (5) references to motions or rulings; (6) commentary, testimony, and/or documentary evidence related to Plaintiff's dismissed claims; (7) commentary and/or testimony mischaracterizing exhibits; (8) commentary, testimony, and/or documentary evidence regarding claims not plead in the lawsuit; (9) commentary, testimony, and/or documentary evidence relating to anecdotal employment-related problems of non-similarly situated employees or former employees of Defendant; (10) commentary, testimony, and/or documentary evidence regarding other claims, judgments, actions, or charges against Defendant; (11) generalized, conclusory, and/or speculative statements regarding the filing of EEOC charges or alleged discrimination; (12) The EEOC's January 21, 2022, determination letter; (13) EEOC Notice of Conciliation failure; (14) evidence regarding Plaintiff's subjective beliefs of discrimination, harassment, or retaliation; (15) stray remarks; (16) proof of causation of mental and/or emotional distress; (17) absence or unavailability of any witness; (18) evidence of front pay and/or back pay damages;  and, (19) reference to the type or character of the legal practice of the law firm representing Defendant.

## **LAW AND EVIDENCE**

Evidence is generally admissible so long as it is relevant and not barred by the Constitution, a federal statute, the Federal Rules of Evidence, or other rules prescribed by the Supreme Court. Fed. R. Evid. 402.  Among other grounds, the court may exclude relevant evidence where its probative value is substantially outweighed by a danger of

unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. *Id.* at 403.

Evidence should only be excluded in limine where it is "clearly inadmissible on all potential grounds." *Hull v. Ford*, 2008 WL 178890, at *1 (S.D. Tex. Jan. 17, 2008) (citing *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F.Supp. 1398, 1400 (N.D. Ill. 1993)). "Motions in limine are frequently made in the abstract and in anticipation of some hypothetical circumstance that may not develop at trial." *Looney Ricks Kiss Architects, Inc. v. Bryan*, 2010 WL 5174440, at *1 (W.D. La. Dec. 15, 2010) (quoting *Collins v. Wayne Corp.*, 621 F.2d 777, 784 (5th Cir. 1980)). Evidentiary rulings, however, "should often be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in proper context." *Id.*; *accord Baxter v. Anderson*, 277 F.Supp.3d 860, 863 (M.D. La. 2017). Additionally, motion in limine rulings "are not binding on the trial judge . . . and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 764 n. 3 (2000).

*(1) Defendant's finances and ability to pay a large verdict*

Defendant moves to exclude any evidence about its size as a corporation, finances, revenues, or profits, including evidence that Defendant is capable of paying a large verdict and/or allegations of Plaintiff's financial adversity or Defendant's financial prosperity.

Plaintiff informs the Court that he is seeking punitive damages under 42 U.S.C 1981 and Title VII. "[E]vidence of a tortfeasor's wealth is traditionally admissible as a measure of the amount of punitive damages that should be awarded. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 270 101 S.Ct. 2748 (1981). Accordingly, the Court deinies

Defendant's motion in this regard and will permit evidence of Defendant's net worth given its relevance to the valuation of Plaintiff's claim.

*(2) "Golden Rule arguments"*

Defendant moves to exclude references or comments in opening statement, closing argument, or at any other point of the trial that jury members should "stand in Plaintiff's shoes." Defendant cites *Whitehead v. Food Max of Mississippi, Inc.*, 163 F.3d 265, 278 (5th Cir. 1998) (quoting *Stokes v. Delcambre*, 710 F.2d 1120, 1128 (5th Cir. 1983)). Such arguments are improper because they invite a decision based on personal bias rather than on the evidence. *Id.*

Plaintiff points out, however, that Golden Rule arguments are prohibited on damages but may be permitted on liability. *Brown v. Parker Drilling Offshore Corp.*, 410 F.3d 166, 180 (5th Cir. 2005); *Stokes*, 710 F.2d at 1128. Accordingly, the motion is granted in part and denied in part on this basis—Plaintiff may make Golden Rule arguments on the issue of liability only.

*(3) Any argument asking the jury to "send a message," or to "act as the conscience of the community"*

Here, Defendant argues that there is no place at trial for this type of unfairly prejudicial argument because the jury must base its award of compensatory damages on the evidence presented at trial.

A conscience of the community argument "references to a community standard or expectation that would be disappointed unless the jury returned a large verdict in [the plaintiff's] favor." *Westbrook v. Gen. Tire & Rubber Co.*, 754 F.2d 1233, 1239 (5th Cir.

1985). Such appeals "serve no proper purpose and carry the potential of substantial injustice when invoked against outsiders." Plaintiff's counsel may, however, ask the jury to send a message with respect to his request for punitive damages. *See, e.g.*, *Aikens v. Central Or. Truck Co., Inc.*, 2021 WL 4312720, at *2 (E.D. Tex. Sep. 22, 2021) (collecting cases). Accordingly, the motion is granted in part and denied in part in this regard—Plaintiff may make limited arguments asking jury to send a message to Defendant with respect to a punitive damage verdict, but is forbidden from making any such argument relating to compensatory damages or from emphasizing Defendant's status as an outsider in the community.

*(4) References, arguments, testimony, or comments referring to Plaintiff as the "victim"*

Defendant argues that referring to the Plaintiff as a victim incorrectly implies the existence of a "criminal" legal proceeding and serves only to mislead, inflame or prejudice the jury against Defendant. Defendant contends that language to this effect improperly encourages the jury to violate its oath not to let bias, sympathy, or prejudice play any part in their deliberations.

Case law in this circuit and from the United States Supreme Court is replete with instances of employment discrimination plaintiffs being referred to as "victims." *See, e.g.*, *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998); *BNSF Ry. Co. v. White*, 548 U.S. 53 (2006); *EEOC v. WC&M Enterps., Inc.*, 496 F.3d 393 (5th Cir. 2007); *EEOC v. BassPro Outdoor World LLC*, 35 F.Supp.3d 836 (S.D. Tex. 2014). The undersigned agrees that the risk of confusion or undue prejudice is minimal, and that Plaintiff may appropriately use

the word "victim" to describe himself under the claims at issue. The motion is therefore denied on this basis.

*(5) References to motions or rulings*

Defendant argues that any reference or mention of any action of this Court or ruling made prior to trial is irrelevant and the risk of undue prejudice it presents far outweighs any probative value. The Court lacks context for how any such references would be made during trial and, in the absence of a more specific basis for their exclusion, declines to issue what would amount to an advisory ruling on their admissibility.

*(6) Commentary, testimony, and/or documentary evidence related to Plaintiff's dismissed claims*

Defendant argues that allowing this type of evidence would create a risk of prejudice that far outweighs any probative value, as well as it would waste the Court's time and confuse the issues. Federal Rule of Evidence 403. Plaintiffs remark that Defendant has failed to provide authority as to this type of evidence and notes that statements made by an attorney are not evidence. However, the Court is not inclined to rule without knowing the context in which Plaintiff may introduce evidence of any dismissed claims. As such, Defendant's motion is denied at this time, and the Court will defer ruling until the trial of that matter if the issue presents itself.

*(7) Commentary and/or testimony mischaracterizing exhibits*

Defendant argues that any commentary and/or testimony that mischaracterizes exhibits would be irrelevant and only mislead the jury and cause prejudice. The Court will

not give an advisory opinion here and will deny Defendant's motion and defer this issue until the trial.

*(8) Commentary, testimony, and/or documentary evidence regarding claims not plead in the lawsuit*

Defendant argues that any allegation of harassment or retaliation not pleaded in the Complaint is irrelevant and prejudicial and thus, should be excluded. Plaintiff notes that Defendant has failed to identify any specific evidence that should be excluded and argues that Plaintiff should be permitted to tender any evidence to establish factual allegations to support his claim. Here, the Court will not make a blanket exclusion, as Plaintiff should be able to submit any evidence to support his hostile work environment claim. As such, the Court will deny Defendant's motion in this regard, and defer the issue to the trial reserving Defendant's right to object at the trial.

*(9) Commentary, testimony, and/or documentary evidence relating to anecdotal employment-related problems of non-similarly situated employees or former employees of Defendant*

Defendant argues that any evidence of anecdotal employment-related problems of non-similarly situated employees or former employees is not relevant. Here, the only claim left to try it the hostile work environment claim. Defendant provides no specifics as to what it maintains should be excluded. As such, the Court cannot determine at this juncture whether the purported evidence is relevant and again hesitates to make such a blanket exclusion.

The Fifth Circuit has warned that "blanket evidentiary exclusions can be especially damaging in employment discrimination cases, in which plaintiffs must face the difficult

task of persuading the fact-finder to disbelieve an employer's account of its own motives." *Kelly v. Boeing Petroleum Servs.*, 61 F.3d 350, 359 (5th Cir. 1995) (citing *Hawkins v. Hennepin Technical Center*, 900 F2d 153, 155 (8th Cir.) *cert. denied*, 111 S.Ct. 150 (1990).

Here, Plaintiff's claims against co-worker Vincent appeared to have stopped as of July 23, 2016. Defendant argues that any evidence related to events that occurred after that time provide no probative value to Plaintiff's racial harassment claim. However, Defendant requests that the Court prohibit Plaintiff from introducing any evidence of events that allegedly occurred as a result of Plaintiff's complaint about Vincent. Without more information as to the evidence Defendant moves to exclude, the Court cannot at this time make such a blanket exclusion. Accordingly, the motion is denied in this regard without prejudice to Defendants' right to object at trial.

*(10) Commentary, testimony, and/or documentary evidence regarding other claims, judgments, actions, or charges against Defendant*

Next, Defendant moves to exclude such evidence as irrelevant. Plaintiff complains that Defendant does not specify any specific lawsuit, cases, claim, judgment, action or charges by any employee or former employee.

Another court in this circuit has recently noted that, "me too" evidence by a fellow employee may prove relevant as to whether an employer discriminated or retaliated against the plaintiff—particularly when it is close in time to the events of the case and involves the same decision makers. *Harkness v. Bauhaus USA, Inc.*, 2015 WL 631512, at *2–*3 (N.D. Miss. Feb. 13, 2015) (citing *Nuskey v. Hochberg*, 723 F.Supp.2d 229, 233 (D.D.C. 2010)). The Court cannot judge the potential admissibility of the unspecified evidence Defendants

seek to exclude at this point and declines to enter a blanket order. Accordingly, the motion is denied in this regard without prejudice to Defendants' right to object to specific argument or evidence at trial.

*(11) Generalized, conclusory, and/or speculative statements regarding the filing of EEOC charges or alleged discrimination*

Defendant argues that this type of evidence should be excluded as irrelevant, without proper foundation, and the risk of undue prejudice to Defendants is greatly outweighed by its scant probative value, as well as being confusing and misleading to the jury.

Again, the Court cannot judge the admissibility of all statements potentially falling under this broad umbrella and thus declines to enter any such order. The Court denies the motion but will allow Defendant to object to any inappropriate argument or evidence as it arises at trial.

*(12) The EEOC's January 21, 2022, determination letter*

Plaintiff informs the Court that he does not intend to introduce this letter. Thus, no ruling is necessary and thus the motion is moot in this regard.

*(13) EEOC Notice of Conciliation failure*

Defendant argues that the EEOC's Notice is irrelevant under Federal Rule of Evidence 401 and would be prejudicial and confusing. Plaintiff argues that this Notice is the only document that would reflect the timeliness of Plaintiff's suit. As such, the Court will deny Defendant's motion and will allow the Notice for that limited purpose.

*(14) Evidence regarding Plaintiff's subjective beliefs of discrimination, harassment, or retaliation*

Defendant argues that Plaintiff's subjective beliefs of discrimination are speculatory and conclusory, and not competent evidence of discrimination. Thus, Defendant contends that this type of testimony or evidence runs the risk of prejudice that outweighs its probative value.

Plaintiff argues that the Fifth Circuit has permitted lay witnesses to offer opinion testimony about discriminatory motive or intent as long as this testimony satisfies Federal Rule of Evidence 701 with a rational basis in what the witness was personally able to observe. *Haun v. Ideal Indus., Inc.*, 81 F.3d 541, 548 (5th Cir. 1996); *see also Hansard v. Pepsi-Cola Metro. Bottling Co., Inc.*, 865 F.2d 1461, 1466–67 (5th Cir. 1989) (concluding, with admitted hesitancy, that trial court had not abused its discretion in admitting lay opinion testimony of one employee as to company's discriminatory motive).

Accordingly, the Court must evaluate any allegedly subjective opinions on discrimination to determine whether a proper foundation has been laid so that they may be admitted under Federal Rule of Evidence 701. Given that no specific testimony has yet been challenged, the Court cannot make this determination in limine and therefore denies the motion on this basis.

*(15) Stray remarks*

Defendant argues that any stray remarks representing alleged acts of discrimination, that were not directed to Plaintiff or in conversations to which Plaintiff was not a party should be excluded as irrelevant, prejudicial and hearsay.

Plaintiff notes that Defendant has failed to cite or reference any particular statement that it contends would fall under this category. The determination of whether an offensive comment represents a "stray remark" under anti-discrimination law is fact-intensive and involves questions of temporality, relation to the employment decision at issue, relation to the alleged targeted class, and the decision-making authority of the speaker. *Jackson v. Cal-Western Pkg. Corp.*, 602 F.3d 374, 380 (5th Cir. 2010). Stray remarks do not constitute direct evidence of discrimination but may be used as circumstantial evidence alongside other discriminatory conduct. *Paulissen v. MEI Technologies, Inc.*, 942 F.Supp.2d 658, 669–70 (S.D. Tex. 2013). The Court cannot properly gauge the admissibility of any unspecified remarks, including the application of any hearsay exception, at this juncture. Accordingly, the motion is denied in this regard and Defendants may object at trial if the issue presents itself.

*(16) Proof of causation of mental and/or emotional distress*

Defendant argues that lay witness testimony and Plaintiff's testimony as to causation should be excluded because it would require a medical expert. See *Logan v. Westfield Ins. Co.*, 2020 WL 412257, at *10 (W.D. La. Jan. 24, 2020); *Rea v. Wisconsin Coach Lines, Inc.*, 2014 WL 4981803, at *2 (E.D. La. Oct. 3, 2014).

While lay witnesses may not provide opinions which "require[] specialized medical knowledge," *see id*. at 361, assuming Rule 701's requirements are met, "a lay witness can provide opinion testimony as to mental state." *Jordan v. Wayne Cty*., 2017 U.S. Dist. LEXIS 108405, * 2 (S.D. Miss. Jul. 13, 2017) (*citing United States v. Heard*, 709 F. 3d 413, 422 (5th Cir. 2013)). Moreover, courts within the Fifth Circuit have permitted lay witnesses to provide opinion testimony as to causation of emotional stress and resulting headaches and upset stomachs. *Jordan*, 2017 U.S. Dist. LEXIS 108405, at * 2 (citing *Ishee v. Fannie Mae*, 2014 U.S. Dist. LEXIS 165910, *1-4 (S.D. Miss. Nov. 26, 2014)). Similarly, "courts allow lay witnesses to testify as to their firsthand observations of the mental anguish or emotional distress suffered by parties. *Eubanks v. St. Tammany Parish Hosp.*, 2004 U.S. Dist. LEXIS 11524, * 7 (E.D. La. Jun. 22, 2004); *Robert v. Maurice*, 2020 U.S. Dist. LEXIS 125859, * 25-26 (E.D. La. Jul. 16, 2020) (*citing Barocco v. Ennis Inc*., 100 F. App'x 965, 968 (5th Cir. 2004)). Assuming a proper foundation is laid under Rule 701, Plaintiff and other lay witnesses may provide opinion testimony as to Plaintiff's mental state. As such, the motion is denied in this regard.

*(17) Absence or unavailability of any witness*

Defendant moves to exclude any testimony, statements, or reports of any witness who is absent, unavailable, or not called to testify, including any reference to hearsay statements, not within an exception. Plaintiff argues that the motion should be denied due to lack of specificity. Plaintiff also informs the Court, that a key witness in the case and Plaintiff's foreman, Paul Williams, had passed away since Plaintiff's employment ended. While Plaintiff intends to ensure the presence of all necessary witnesses but anticipates

testimony as to certain actions and statements made by Williams during Plaintiff's employment. Plaintiff requests that the Court defer ruling on any statements until such time that the unavailability occurs so that any necessary ruling can be made within the proper context. The Court agrees and will deny the motion at this time and defer ruling until and/or if it presents itself at trial.

*(18) Evidence of front pay and/or back pay damages*

Defendant argues that evidence of front or back pay damages must be excluded because the jury must decide the availability of equitable relief, and that backpay is not an automatic remedy. *Miles-Hickman v. David Powers Homes, Inc.*, 613 F.Supp. 2d (S.D. Tex. 2009). Defendant contends that this type of evidence would mislead, confuse, and prejudice the jury and/or improperly influence the jury.

Acknowledging that Plaintiff's claim for retaliation/constructive discharge has been dismissed, Plaintiff informs the Court that he does not intend to submit evidence pertaining to Plaintiff's wages for purposes of requesting back and/or front pay. As such, the Motion is denied as moot.

*(19) Reference to the type or character of the legal practice of the law firm representing Defendant*

Defendant argues that this type of evidence is prejudicial, irrelevant, and would make it impossible for Defendants to receive a fair trial. Plaintiff informs the Court that it does not intend to introduce any information regarding defense counsel at trial but does request the ability to provide jurors with cursory background information for the counsel and engage in limited questioning during voir dire to ensure that none of the jurors have a

conflict. The Court agrees that any references by Plaintiff or Plaintiff's counsel to the above-mentioned topics as it relates to defense counsel and their firm are inappropriate, irrelevant, and unduly prejudicial, and therefore grants the motion in this regard, but will allow Plaintiff's counsel to make cursory questions to the jurors to determine if there is a potential conflict with counsel for Defendant.

## CONCLUSION

For the reasons explained herein,

**IT IS ORDERED** that the Motion in Limine is **GRANTED IN PART** and **DENIED IN PART** as described hereinabove.

**THUS DONE AND SIGNED** in Chambers on this 21st day of October, 2024.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**